IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CHRISTOPHER BOWLER, and the )
HUDSON HIGH SCHOOL )
CONSERVATION CLUB, an )
unincorporated association, )
                              )
    *Plaintiffs,*             )
                              )
v.                            )   Case No. _____
                              )
JOHN STAPELFELD, in his       )
individual and official capacities as )
Principal of Hudson High School, )
DAVID CHAMPIGNY, in his individual )
and official capacities as Assistant )
Principal of Hudson High School, and )
DR. SHELDON BERMAN, in his   )
individual and official capacities as )
Superintendent of Hudson Public )
School District,              )
                              )
    *Defendants.*             )
                              )

05-11007 PBS

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. _____
DATE 5-17-05

## COMPLAINT

COMES NOW the Plaintiff, Christopher Bowler, by and through counsel, Gregory A. Hession, participating attorney for The Rutherford Institute, and Complains as follows:

### JURISDICTION AND VENUE

1.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as it is an action seeking redress under the laws and statutes of the United States for deprivation of rights secured by the Constitution and laws of the United States.

1.2   This Court has jurisdiction over the Plaintiff's claims arising under the Constitution and laws of the Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1367(a), as such claims are part of the same case or controversy as those giving rise to the claims over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

1

1.3   Venue properly lies in this Court under 28 U.S.C. § 1391(b), as the Defendants all reside within the Commonwealth of Massachusetts and a substantial part of the events giving rise to this action occurred within the Commonwealth of Massachusetts.

## PARTIES

2.1   Plaintiff Christopher Bowler, is a person over the age of 18 years and is a resident of Hudson, Middlesex County, Massachusetts. The Plaintiff is currently enrolled as a student at Hudson High School, and was so enrolled at all times relevant to this Complaint.

2.2   Plaintiff Hudson High School Conservative Club is an unincorporated association comprised of students enrolled at Hudson High School and is a recognized, non-curriculum related student club of Hudson High School.

2.3   Defendant John Stapelfeld is currently, and was at all times relevant to this Complaint, the duly-appointed Principal of Hudson High School. Defendant Stapelfeld is sued in his individual and official capacities.

2.4   Defendant David Champigny is currently, and was at all times relevant to this Complaint, the duly-appointed Assistant Principal of Hudson High School. Defendant Champigny is sued in his individual and official capacities.

2.5   Defendant Dr. Sheldon Berman is currently, and was at all times relevant to this Complaint, the duly-appointed Superintendent of Schools for Hudson Public Schools. Defendant Berman is sued in his individual and official capacities. Hudson Public Schools is an entity created and existing under the laws of the Commonwealth of Massachusetts for the purpose of operating schools within Middlesex County, Massachusetts. Hudson High School is a division of Hudson Public Schools.

## FACTUAL HISTORY

3.1   The Plaintiff is currently a senior at Hudson High School. During his junior year at Hudson High School, the Plaintiff observed a steady stream of comments and actions

on the part of the faculty, administration, and students at Hudson High School which were critical of the policies of the United States and of conservative political leaders. Classroom discussion involved talking points that were anti-American and anti-conservative, including one teacher labeling President George W. Bush a "deserter." Another teacher showed to Plaintiff's class an effigy of President Bush with simulated flames and encouraged students to attend an anti-Bush rally, at which a life-sized effigy of President Bush would be set on fire.

    3.2    These teachers and administrators mocked and derided anyone who held conservative political beliefs, including Plaintiff and many of his friends.

    3.3    When these and similar incidents were reported to administrators, including Defendant Stapelfeld, administrators promised to take strong action.

    3.4    Notwithstanding the administrators' promises, incidents of anti-American, anti-Bush, and anti-conservative comments and conduct by teachers at Hudson High School continued. One teacher displayed an anti-Bush poster on the wall of a classroom, which remained up for two months before Defendant Berman sought to have it removed.

    3.5    On other occasions, the Plaintiff was told that he was "ignorant" and an idiot because the Plaintiff supported the policies of the United States and President Bush.

    3.6    In the days leading up to the 2004 Presidential election, many teachers openly derided President Bush and openly supported Senator John Kerry. *Fahrenheit 9/11*, a film directed by Michael Moore which was overtly critical of President Bush and his administration, was shown in classrooms at Hudson High School. The film contained graphic violence, including videotaped footage of a beheading. One teacher requested that the Plaintiff view the film, and although the Plaintiff initially declined, the teacher persisted until the Plaintiff agreed to watch the film at home.

    3.7    Because of the persistent anti-American, anti-Bush, anti-conservative environment at Hudson High School, the Plaintiff and another student, James Milello, decided to form a club that would serve as a forum for pro-American, pro-conservative dialogue and speech and which would advocate respect and tolerance for their point of view at the school.

The club was named the Hudson High School Conservative Club ("Conservative Club").

3.8     The Plaintiff and Milello chose to be affiliated with a national organization, High School Conservative Clubs of America (HSCCA). The mission statement of HSCCA is as follows:

> The objective of High School Conservative Clubs of America (HSCCA) is to support the United States Constitution, uphold the Bill of Rights, advocate the moral standards of our Founding Fathers, encourage traditional American values, and assist students to form chartered conservative clubs in high schools throughout the nation. We promote the pillars of the Bible, patriotism and conservative beliefs as balance to the mostly "liberal" viewpoints of teachers. Our chartered clubs invite open debate and honest, non-violent, differences of opinion by inviting guest speakers to share outside viewpoints; and we encourage a balanced classroom environment by promoting unbiased teaching.

The mission statement and other information relevant to current public affairs, commentary, and the activities of the HSCCA are shown at its website, the URL address of which is www.hscca.org.

3.9     The Plaintiff and Milello obtained a teacher sponsor, and Conservative Club was formally recognized by Defendant Stapelfeld as a Hudson High School student club in the Fall of 2004. Hudson High School grants the opportunity to non-curriculum related student groups to meet on school property during non-instructional time and grants such student groups access to school facilities for activities of such groups.

3.10    The Plaintiff, Milello, and other Conservative Club members prepared ten posters that were placed on walls and bulletin boards throughout Hudson High School on Friday, November 12, 2004, for the purpose of publicizing the existence of the club, its purpose, its message, and its meetings. The placement of posters in authorized locations at Hudson High School is a privilege that is granted to all recognized student clubs at Hudson High School.

3.11    The posters included information about the club and a reference to the website address of HSCCA.

3.12    The following Monday, November 15, 2004, the Plaintiff was called to the office of Defendant Champigny. When he arrived at the Principal's office, the Plaintiff found

4

that seven of the ten club posters had been taken down and were in the office. When the Plaintiff asked why the posters were removed, Defendant Champigny told him that the HSCCA website promotes violence and is anti-gay.

3.13    When the Plaintiff requested a further explanation of why the posters were removed, he was told by Defendant Stapelfeld that because the HSCCA website contained references to visual depictions of beheadings of hostages by Iraqi insurgents and terrorists and offered "links" to such depictions, the posters promoted violence, were inappropriate, and could not remain posted.

3.14    Neither the references to Iraqi beheadings at the HSCCA website, nor any other content accessible at that website, promote or encourage violence. In fact, the references to beheadings at the website convey the strongest possible condemnation of those brutal and cowardly acts. Additionally, the HSCCA website does not contain anti-gay content, but simply contains information in opposition to same-sex marriage, a matter of national and public concern.

3.15    After the club posters were posted, the Plaintiff was confronted and challenged by teachers at Hudson High School regarding content on the HSCCA website, including the website's opinions supporting the Second Amendment, disbanding the National Education Association, and protecting traditional marriage.

3.16    At the ensuing meeting of the Conservative Club, the club's teacher sponsor informed the Plaintiff and other persons at the meeting that the club's posters may be put back up and those posters could include the HSCCA web address.

3.17    The Plaintiff and others prepared new Conservative Club posters, one of which included a reference to the HSCCA website and web address, and posted them in authorized places throughout Hudson High School on January 7, 2005.

3.18    On January 7, 2005, the Plaintiff was again called to Defendant Champigny's office. When the Plaintiff arrived at the office, he was handed the club poster which contained the HSCCA website address.

3.19    The Plaintiff also was handed a letter by Defendant Champigny under Champigny's signature. In the letter, Defendant Champigny confirmed that Defendant Stapelfeld had requested that the club not post the HSCCA website address on its signs. Defendant Champigny wrote that the club could post signs without the website address and that he was returning the signs to the Plaintiff to make the required changes. A copy of this letter is attached to the Complaint as Exhibit A.

3.20    The removal and censorship of the club's posters were the subject of extensive news coverage by media in Massachusetts and nationally. In response to this publicity, Defendant Berman requested a meeting with the Plaintiff and other Conservative Club members.

3.21    During this meeting, Defendant Berman affirmed and ratified the decisions and actions of Defendants Stapelfeld and Champigny regarding inclusion of the HSCCA website address on club posters. Defendant Berman stated during this meeting that he found the tone of some of the content on the HSCCA website strident and problematic.

3.22    The Hudson High School student newspaper was allowed to print the website address for HSCCA in a story regarding the club and its posters.

3.23    A second meeting was held between the Plaintiff and other club members with Defendant Berman. At this meeting, Defendant Berman again affirmed, ratified, and adopted the decision of Defendants Stapelfeld and Champigny that the club could not include the website address of HSCCA on its posters and signs.

3.24    In January 2005, the Plaintiff sought the assistance of the Pacific Justice Institute, a California-based organization specializing in civil liberties advocacy. The Pacific Justice Institute wrote a letter dated February 7, 2005, to Defendant Stapelfeld on behalf of the Plaintiff informing Defendant Stapelfeld that his censorship of the club's posters was contrary to the constitutional rights of the Plaintiff and other club members. Neither the Plaintiff nor the Pacific Justice Institute received any response from Defendant Stapelfeld or any other representative of Hudson High School or the Hudson Public Schools.

3.26     On March 8, 2005, Charles Haynes, director of the First Amendment Schools Project of Freedom Forum in Arlington, Virginia, visited Hudson High School to interview the Conservative Club members concerning the controversy. Hudson High School is one of only eleven pilot schools in the USA that participate in the "First Amendment Schools" program and receive grant money from that organization.

3.27     At that meeting, Mr. Haynes suggested that the school's First Amendment Coordinator, teacher Brian Daniels, should try to assure that people with opposing viewpoints feel comfortable. He was concerned that the school was not handling the situation correctly.

3.28     On March 9, 2005, Conservative Club held a meeting and sponsored a lecture by Michael Forrest on the need to preserve traditional marriage. Brian Daniels and Gail Lamere, also a teacher at Hudson High School, both attended the meeting.

3.29     In the midst of Forrest's presentation, Daniels interrupted and challenged an assertion made by Forrest. Forrest respectfully requested that questions be held until after his presentation.

3.30     At the conclusion of Forrest's presentation, Daniels and Lamere aggressively challenged Forrest. They accused Forrest of being an extremist on homosexuality, of vilifying homosexuals, and otherwise attempted to intimidate and harass Forrest.

3.31     To date, Plaintiff has not been allowed to put up Conservative Club posters with the club website address. The website now contains articles describing the bias and suppression of free speech at Hudson High School. Plaintiff's opinions have continued to be censored, and posters have been removed. Teachers have continued to treat the Plaintiff with disrespect because of his viewpoint and opinions.

3.32     At all times, the Plaintiff comported himself in a peaceable manner and caused no disruption or disorder within the school. He showed respect to the Defendant school officials and to the hostile teachers, despite their actions to deprive him of his protected right of expression.

## FIRST CLAIM
Free Speech Clause
U.S. Const. Amend. 1

4.1 The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 3.32 set forth above.

4.2 The Defendants' actions in removing, converting, and censoring posters of the Hudson High School Conservative Club and in restricting the content of those signs deprived and continue to deprive the Plaintiff and other members of the Conservative Club of their right to free speech and expression guaranteed by the First Amendment to the United States Constitution.

4.3 In removing, converting, and censoring the Conservative Club posters and in issuing orders that the content of the posters be restricted, the Defendants have acted and continue to act under color of the law of the Commonwealth of Massachusetts.

4.4 Under 42 U.S.C. § 1983, the Plaintiff is entitled to damages for conversion of Plaintiff's posters and to injunctive and declaratory relief for this deprivation of rights secured by the Constitution of the United States.

## SECOND CLAIM
Free Speech Clause
Massachusetts Declaration of Rights - Art. XVI
Massachusetts Civil Rights Law - M.G.L. Ch. 12 §11I

5.1 The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 4.4 set forth above.

5.2 The Defendants' actions in removing, converting, and censoring posters of the Hudson High School Conservative Club and in restricting the content of those signs deprived and continue to deprive the Plaintiff and other members of the Conservative Club of their right to free speech and expression guaranteed by Article XVI of the Massachusetts Declaration of Rights.

5.3 In removing, converting, and censoring Conservative Club posters and in issuing orders that the content of the posters be restricted, the Defendants acted with threats,

intimidation, and coercion.

5.4   The Plaintiff is entitled to damages for conversion of the club's posters, and to injunctive and declaratory relief for this deprivation of rights secured by the Constitution of the Commonwealth of Massachusetts and under M.G.L. Ch. 12 §11I.

### THIRD CLAIM
Equal Access Act – 20 U.S.C. § 4071

6.1   The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 5.4 set forth above.

6.2   Hudson High School is a public secondary school that receives Federal Financial Assistance.

6.3   Hudson High School created a limited public forum for non-curriculum related student groups for the purposes of 20 U.S.C. § 4071.

6.4   The actions and decisions of the Defendants in removing and censoring the posters of the Hudson High School Conservative Club have denied and continue to deny the club and its members, including the Plaintiff, equal access to and a fair opportunity to use the limited public forum created by Hudson High School, and constitute discrimination against the Conservative Club and the Plaintiff on the basis of the club's political viewpoint.

6.5   The Defendants' actions in this regard have deprived and continue to deprive the Plaintiff and other club members of rights secured by the Equal Access Act, 20 U.S.C. § 4071, and for such deprivation the Plaintiff is entitled to declaratory and injunctive relief under 42 U.S.C. § 1983.

### FOURTH CLAIM
Right of Students to Free Expression – Mass. Gen. Laws ch. 71, § 82

7.1   The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 6.5 set forth above.

9

7.2   The posters of the Hudson High School Conservative Club and messages thereon constitute student expression protected by Mass. Gen. Laws ch. 71, § 82.

7.3   The posters of the Conservative Club and messages thereon did not cause disruption at the high school, nor could any such disruption of the school reasonably be anticipated.

7.4   The Defendants' actions in removing and censoring the posters of the Conservative Club and messages thereon constitute abridgement of the right to free expression of the Plaintiff and other members of the Conservative Club in violation of Mass. Gen. Laws ch. 71, § 82.

7.5   The Plaintiff is entitled to declaratory and injunctive relief for the Defendants' deprivation of his protected right to free expression under that statute.

### FIFTH CLAIM
Equal Protection Clause—U.S. Const. Amend. XIV

8.1   The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 7.5 above.

8.2   The Defendants' actions in removing and censoring posters of the Hudson High School Conservative Club and in restricting the content of those signs were intentionally based upon the viewpoint of the expression and speech engaged in by the Plaintiff and the Conservative Club and deprived and continue to deprive the Plaintiff and other members of the Conservative Club of rights and privileges otherwise afforded by the Defendants to other similarly situated persons and clubs.

8.3   The Defendants' actions in removing and censoring posters of the Conservative Club and in restricting the content of those signs constitute intentional discrimination against the Plaintiff and other members of the Conservative Club that is irrational, invidious, and without any rational basis.

8.4   In removing and censoring the Conservative Club posters and in issuing orders that the content of the posters be restricted, the Defendants have acted and continue to act

under color of the law of the Commonwealth of Massachusetts.

8.5    The aforesaid conduct of the Defendants has and continues to deprive the Plaintiff and other members of the Hudson High School Conservative Club of their right to equal protection of the law guaranteed by U.S. Const. amend. XIV.

8.6    Under 42 U.S.C. § 1983, the Plaintiff is entitled to declaratory and injunctive relief for this deprivation of rights secured by the Constitution of the United States.

### SIXTH CLAIM
Equal Rights—Mass. Const. Amendment CVI

9.1    The Plaintiff realleges and incorporates by reference the allegations in paragraphs 1.1 through 8.6 set forth above.

9.2    The Defendants' actions in removing and censoring posters of the Hudson High School Conservative Club and in restricting the content of those signs was intentionally based upon the viewpoint of the expression and speech engaged in by the Plaintiff and the Conservative Club and deprived and continue to deprive the Plaintiff and other members of the Conservative Club of rights and privileges otherwise afforded by the Defendants to other similarly situated persons and clubs.

9.3    The Defendants' actions in removing and censoring posters of the Conservative Club and in restricting the content of those signs constitute intentional discrimination against the Plaintiff and other members of the Conservative Club that is irrational, invidious, and without any rational basis.

9.4    In removing and censoring the Conservative Club posters and in issuing orders that the content of the posters be restricted, the Defendants have acted and continue to act under color of the law of the Commonwealth of Massachusetts.

9.5    The aforesaid conduct of the Defendants has and continues to deprive the Plaintiff and other members of the Conservative Club of their right to equal protection of the law guaranteed by Mass. Const. Amendment CVI.

9.6    The Plaintiff is entitled to relief for this deprivation of rights secured by the

Constitution of the Commonwealth of Massachusetts.

**WHEREFORE**, the Plaintiff requests that judgment be entered in his favor in the following respects:

A. That a preliminary injunction be issued ordering the Defendants, and those acting as Defendants' officers and agents, to refrain from preventing the Plaintiff and other members of the Hudson High School Conservative Club from posting signs and posters, or from showing the website address of the High School Conservative Clubs of America;

B. That judgment be entered declaring that the Defendants have violated the rights of the Plaintiff and other members of the Hudson High School Conservative Club under U.S. Const. Amend. I, Mass. Const. art. XVI, 20 U.S.C. § 4071, Mass. Gen. Laws, ch. 71, § 82, and Mass. Const. Amendment CVI;

C. That the Defendants, and those acting as Defendants' officers and agents, be permanently enjoined from taking any action to prevent the Plaintiff and other members of the Hudson High School Conservative Club from posting signs and posters showing the website address of the High School Conservative Clubs of America;

D. That judgment be entered granting the Plaintiff nominal damages for violation of the Plaintiff's protected rights and damages for conversion of his posters;

E. That judgment be entered awarding the Plaintiff his costs and attorney's fees under 42 U.S.C. § 1988 and M.G.L. Ch. 12 §11I; and

F. Such other and further relief as this Court may deem just and proper.

Dated this 16th day of May, 2005.

Respectfully submitted,

*/s/ Gregory A. Hession*
Gregory A. Hession, J.D.
LAW OFFICES OF GREGORY A. HESSION
99 Forest Park Ave.
Springfield, MA 01108
(413) 746-3333
Fax: (413) 746-6161
Participating Attorney for
The Rutherford Institute

COUNSEL FOR THE PLAINTIFF

John W. Whitehead, J.D.
Douglas R. McKusick, J.D.
THE RUTHERFORD INSTITUTE
1440 Sachem Place
Charlottesville, VA 22906
(434) 978-3888
Fax: (434) 978-1789

OF COUNSEL

13

**HUDSON HIGH SCHOOL**
69 Brigham Street
Hudson, MA 01749
www.hudson.k12.ma.us

**ADMINISTRATION**
Tel: 978-567-6250
Fax: 978-567-6285

John H. Stapelfeld x3185
*Principal*

David Champigny x3188
*Vice Principal*

Daniel McAneapie x3176
*Vice Principal*

**GUIDANCE**
978-567-6250

Dennis C. Frias    x3125
Michael Roux      x3117
Laureen Sanford   x3122
Mary Testa        x3118
Ilin Tsiaras      x3119
Angela Wilcox     x3120
Rebecca Wolfe     x3121

**RESOURCE OFFICER**
978-567-6250    x3126
Officer Craig Perry

**ATHLETICS**
978-567-6250    x1112
Luis Macedo, Director


First Amendment SCHOOLS

**HUDSON PUBLIC SCHOOLS MISSION STATEMENT**
Our goal is to promote the intellectual, ethical, and social development of students through a challenging instructional program and a caring classroom and school environment.


Founded in 1885
**ACCREDITED**
New England Association of Schools and Colleges
Massachusetts State Department of Education



# Hudson High School
*Educating for Freedom and Responsibility*

January 7, 2005

Mr. Chris Bowler
4 Martin Circle
Hudson, MA 01749

Dear Chris:

I am writing to summarize our discussion of the meeting that was held in my office on Friday, January 07, 2005 concerning Mr. Stapelfeld's request that the Conservative Club not post the website www.hscca.org on signs located in the high school.

When we met this morning, I explained to you that the sign could be posted without displaying the website. I suggested that if you wish to post the website letter to which you refer to on the poster, you attach the letter to the sign.

I returned the poster to you so that you can make the requested edits. I also suggested that if you would like to distribute the letter to the student body, you may wish to publish it in HawkTalk.

If you have any other concerns regarding this matter, feel free to see me.

Sincerely,

David Champigny

DC/dbc

Cc:   Dr. Sheldon Berman
      Mr. John Stapelfeld

**EXHIBIT A**

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bowler, Christopher
Hudson High School Conservative Club

### DEFENDANTS
Stapelfeld, John, Champigny, David, and Berman, Sheldon, all in both individual and official capacities.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory A. Hession, 99 Forest Park Avenue, Springfield, MA 01108
(413) 746-3333

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
Defendants deprived plaintiffs of free speech in school based on political content and viewpoint.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE
DOCKET NUMBER

DATE: 05/16/2005
SIGNATURE OF ATTORNEY OF RECORD
*Gregory Hession* (signature)

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __BOWLER v. STAPELFELD__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    [X] II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ] IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __NONE__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [X]    Central Division [ ]    Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __GREGORY A. HESSION__
ADDRESS __99 FOREST PARK AVE. SPRINGFIELD, MA 01108__
TELEPHONE NO. __413-746-3333__

(CategoryForm.wpd - 5/2/05)