UNITED STATES DISTRICT COURT
for the DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11007-PBS

CHRISTOPHER BOWLER and the HUDSON )
HIGH SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, )
                             Plaintiffs, )
   )
vs. )
   )
JOHN STAPELFELD, in his individual and )
official capacities as Principal of Hudson High )
School, DAVID CHAMPIGNY, in his individual )
and official capacities as Assistant Principal of )
Hudson High School, and Dr. SHELDON )
BERMAN, in his individual and official capacities )
as Superintendent of Hudson Public School District,)
                             Defendants. )
   )

**MOTION OF DEFENDANTS FOR LEAVE TO FILE
OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE LATE**

     The defendants, John Stapelfeld, David Champigny and Dr. Sheldon Berman, hereby move for leave to file the attached Opposition to Plaintiffs' Motion to Reinstate late. As grounds therefor, the defendants state as follows:

     1. The undersigned, John J. Davis, filed an appearance in this matter on June 7, 2005 and, since that date, has served as lead counsel for the defendants. As lead defense counsel, the undersigned assumed primary responsibility for communicating with plaintiffs' counsel and for coordinating all efforts to negotiate a settlement among the parties. Although predecessor defense counsel, John M. Simon, did not withdraw his appearance upon the filing of Attorney Davis's appearance, Attorney Simon assumed more of a monitoring (and less active) role after June 7, 2005.

2. On February 17, 2006, the undersigned learned, for the first time, that on January 20, 2006, the plaintiffs had electronically filed Plaintiffs' Motion to Reinstate.[1]  The undersigned did not receive electronic notice of this filing, nor did the undersigned receive electronic notice of the Court's subsequent Notice of Status Hearing dated February 14, 2006.  Upon inquiry to the Clerk's Office, it appears the default setting on the electronic docket was inadvertently "unchecked" when Attorney Davis filed his Notice of Appearance, thereby mistakenly indicating that the undersigned *did not wish* to receive electronic notice of all filings in this matter.  Upon discovery of this error, the Court immediately corrected the docket on February 17, 2006 to reflect that Attorney Davis *did*, in fact, wish to receive electronic notices.

3. Predecessor and co-defense counsel, John M. Simon, received electronic notice of Plaintiffs' Motion to Reinstate but, consistent with prior practice, reasonably assumed that Attorney Davis intended to respond on the defendants' behalf.

4. Pursuant to Local Rule 7.1(B)(2), the defendants' Opposition to Plaintiffs' Motion to Reinstate was due on or before February 3, 2006.  This period, however, may be extended by order of the Court.

5. The defendants wish to oppose Plaintiffs' Motion to Reinstate on the grounds that the plaintiffs did not act in good faith to negotiate a settlement within a reasonable time period, nor have the plaintiffs shown "good cause" for why this action should now be reinstated.  Defendants' grounds for opposing Plaintiffs' Motion to Reinstate are more fully set forth in their Opposition to Plaintiffs' Motion to Reinstate, attached hereto as Exhibit "A."

---

[1] When the defendant, Dr. Sheldon Berman, received a telephone call from a reporter on February 17, 2006, inquiring into the Status Hearing scheduled for March 3, 2006, Dr. Berman, in turn, contacted the undersigned for further information.

6. Defendants' late filing of their Opposition is due only to the fact that lead defense counsel did not receive timely notice of Plaintiffs' Motion to Reinstate and, therefore, was unaware it had been filed. Defense counsel did not intentionally ignore or flaunt the Local Rules, nor did defense counsel delay the filing of an Opposition in order to gain some form of unfair advantage. Upon discovery of Plaintiffs' Motion to Reinstate, defense counsel took immediate steps to respond on his clients' behalf.

7. Defendants' late filing of their Opposition will not cause prejudice or harm to the plaintiffs, nor delay the proceedings in this matter. The Status Hearing currently scheduled to be held on March 3, 2006, need not be postponed or continued due to the defendants' late filing.

WHEREFORE, the defendants, John Stapelfeld, David Champigny and Dr. Sheldon Berman, respectfully move that this Court grant them leave to file the attached Opposition to Plaintiffs' Motion to Reinstate late.

> The Defendants,
> JOHN STAPELFELD, DAVID CHAMPIGNY and
> DR. SHELDON BERMAN,
>
> By their attorneys,
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Davis, Esq., BBO #115890
> 10 Winthrop Square
> Boston, MA 02110
> (617) 350-0950

### Certificate of Compliance

Counsel for the defendants, John Stapelfeld, David Champigny and Dr. Sheldon Berman, hereby certifies that he conferred with plaintiffs' counsel and attempted in good faith to resolve or narrow the issue in compliance with Local Rule 7.1(A)(2).

Date: February 22, 2006

_____
John J. Davis, Esq.

-3-

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
for the DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-11007-PBS

| | |
|---|---|
| CHRISTOPHER BOWLER and the HUDSON HIGH SCHOOL CONSERVATIVE CLUB, an unincorporated association,<br>Plaintiffs,<br><br>vs.<br><br>JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, and Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REINSTATE**

The defendants, John Stapelfeld, David Champigny and Dr. Sheldon Berman, hereby oppose Plaintiffs' Motion to Reinstate late. As grounds therefor, the defendants state as follows:

1. Despite plaintiffs' initial pleas of an urgent need for judicial protection of their First Amendment rights, plaintiffs' handling of this litigation since June 6, 2005 (the date of the hearing on plaintiffs' Motion for Preliminary Injunction) has, on the contrary, demonstrated a lackadaisical approach to the enforcement of their rights and a genuine disinterest in constructively resolving the issues raised in plaintiffs' Complaint and Amended Complaint. Without disclosing the substance of the parties' protracted settlement negotiations, plaintiffs' approach and disinterest are demonstrated (in part) by the following history:

- On June 6, 2005, the Court instructed the plaintiffs to file an Amended Complaint.

  The plaintiffs did not successfully do so for more than two (2) months, until August 5, 2005.

- Following the hearing and Scheduling Conference held on June 6, 2005, the parties and their respective representatives met outside the courtroom to discuss the various issues in dispute and possible means by which such issues might be resolved. During the next six weeks, counsel for the parties exchanged correspondence and held several telephone conferences in an effort to further resolve their clients' differences. On July 27, 2005, all counsel participated in an extended conference call (suggested and arranged by defense counsel,) during which they negotiated the terms of a tentative settlement of this case, pending the preparation of a mutually-acceptable settlement document and the final approval of same by all parties. On that same date, the parties filed a Joint Motion to Extend Deadlines in order to give themselves time to conclude their settlement negotiations.
- On or about July 28, 2005, plaintiffs' counsel sent a letter to update the Court on the status of the negotiations to date. On August 1, 2005, the Court allowed the parties' Joint Motion to Extend.
- On August 29, 2005, counsel for the defendants completed and sent an 8-page proposed Settlement Agreement and General Release with attachments to plaintiffs' counsel. On August 31, 2005, counsel for the defendants sent plaintiffs' counsel a revised Settlement Agreement and General Release.
- On September 8, 2005, the parties filed a second Joint Motion to Extend

Deadlines in the hopes of completing their settlement negotiations. On September 9, 2005, the Court allowed the parties' second Joint Motion to Extend.

- Subsequent discussions ensued and written correspondence was exchanged between defense counsel and plaintiffs' counsel concerning the terms and provisions of the proposed Settlement Agreement and General Release.

- Still hopeful they could successfully conclude their settlement negotiations, the parties, on October 11, 2005, filed a third Joint Motion to Extend Deadlines. The Court did not rule on this Motion but, instead, on October 21, 2005, issued a Settlement Order of Dismissal which stated as follows:

   > The Court having been advised that the above captioned action settled:
   >
   > It is hereby ORDERED that this action is hereby dismissed without costs and without prejudice to the right of any party, upon good cause shown, to reopen the action within 60 days if settlement is not consummated.

- On November 12, 2005, counsel for the defendants sent a further revised Settlement Agreement and General Release to plaintiffs' counsel. The plaintiffs *never responded* to this proposal.

- On or about December 21, 2005 (nearly six weeks after receipt of the further revised Settlement Agreement and General Release,) plaintiffs' counsel contacted defense counsel to request his assent to a motion to continue the 60-day settlement period without prejudice for another thirty (30) days. Defense counsel gave his assent. The Court thereafter allowed plaintiffs' Motion to Continue Settlement Period on December 22, 2005. Defense counsel *did not hear from plaintiffs' counsel again for another month.*

- On or about January 19, 2006, the assistant to plaintiffs' counsel telephoned defense counsel to advise that the plaintiffs could not agree to the further revised Settlement Agreement and General Release. No specific reasons or grounds were given for why the document (which had been the subject of such intense negotiation for several months) was now deemed unacceptable. Plaintiffs cited no specific objections to any document terms or provisions, and offered no alternative language or counter-proposals. The assistant to plaintiffs' counsel stated only that the plaintiffs wished instead to reactivate their case.

2. The Plaintiffs' Motion to Reinstate does not satisfy the condition of this Court that it shall reopen the action (if settlement is not consummated) only "upon good cause shown." The plaintiffs offer no rationale for reinstating this case other than the following statement:

> All parties have acted in good faith to try to negotiate a settlement, but to date have failed to reach an acceptable agreement.

Although defendants agree that no mutually-acceptable agreement was ever reached, they necessarily question the sincerity of plaintiffs' settlement efforts. "Good cause" generally requires some showing of diligence on the part of the party seeking relief. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004); Berwind Property Group, Inc. v. Environmental Management Group, Inc., 233 F.R.D. 62, 66 (D. Mass. 2005). Here, plaintiffs' delays – particularly their ten-week failure to make any response whatsoever to the further revised Settlement Agreement and General Release sent to their attorneys on November 12, 2005 – combined with their lack of any explanation for why the document (revised and re-revised over several months) was now unacceptable, fail to demonstrate the requisite diligence by the

plaintiffs. In the absence of such diligence, the plaintiffs cannot show "good cause" for why this case should be reopened and, therefore, their Motion to Reinstate should be denied.

3. Reinstatement of the case at this late date will unduly prejudice the defendants in their defense of the plaintiffs' claims.

WHEREFORE, the defendants, John Stapelfeld, David Champigny and Dr. Sheldon Berman, oppose Plaintiffs' Motion to Reinstate and respectfully request that this Court deny said Motion.

> The Defendants,
> JOHN STAPELFELD, DAVID CHAMPIGNY and
> DR. SHELDON BERMAN,
>
> By their attorneys,
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Davis, Esq., BBO #115890
> 10 Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Date: February 22, 2006