UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05 11007 PBS

| | |
|---|---|
| CHRISTOPHER BOWLER, <br><br> HUDSON HIGH SCHOOL CONSERVATIVE CLUB, an unincorporated association, <br><br> JOSEPH T. BOWLER, by and through his father and next friend, STEVEN BOWLER, <br><br> KIMBERLY A. BOWLER, by and through her father and next friend, STEVEN BOWLER, <br><br>  Plaintiffs, <br><br> vs. <br><br> JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, <br><br> DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, <br><br> Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, <br><br> TOWN OF HUDSON, MASSACHUSETTS, and <br><br> HUDSON HIGH SCHOOL, <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

The defendants, John Stapelfeld, in his individual and official capacities as Principal of

Hudson High School, David Champigny, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. Sheldon Berman, in his individual and official capacities as Superintendent of Hudson Public School District, Town of Hudson, Massachusetts, and Hudson High School ("the defendants"), hereby respond to the allegations contained in the plaintiffs' First Amended Complaint, paragraph by paragraph, as follows:

## JURISDICTION AND VENUE

1.1   The defendants neither admit nor deny the allegations contained in Paragraph 1.1 as they are mere conclusions of law to which no response is required. In further responding, the defendants do not contest subject matter jurisdiction.

1.2   The defendants neither admit nor deny the allegations contained in Paragraph 1.2 as they are mere conclusions of law to which no response is required. In further responding, the defendants do not contest subject matter jurisdiction.

1.3   The defendants neither admit nor deny the allegations contained in Paragraph 1.3 as they are mere conclusions of law to which no response is required. In further responding, the defendants do not contest venue.

## PARTIES

2.1   The defendants admit the allegations contained that Paragraph 2.1.

2.2   The defendants admit the allegations contained in Sentence 1 of Paragraph 2.2 except that the defendants lack sufficient information and knowledge to either admit or deny Joseph Bowler's age. The defendants admit that Joseph Bowler is currently enrolled at Hudson High School ("HHS") and was so enrolled at all times relevant to this Complaint, but deny that he is a member of the Hudson High School Conservative Club ("HHSCC"). Further responding, the defendants deny the current existence of the HHSCC.

2.3   The defendants admit the allegations contained in Sentence 1 of Paragraph 2.3 except that the defendants lack sufficient information and knowledge to either admit or deny Kimberly Bowler's age. The defendants admit that Kimberly Bowler is currently enrolled at HHS and was so enrolled at all times relevant to this Complaint, but deny that she is a member of HHSCC. Further responding, the defendants deny the current existence of the HHSCC.

2.4   The defendants admit the allegations contained in Paragraph 2.4.

2.5   The defendants admit the allegations contained in Paragraph 2.5.

2.6   The defendants admit the allegations contained in Paragraph 2.6.

2.7   The defendants admit the allegations contained in Paragraph 2.7.

2.8   The defendants admit the allegations contained in Paragraph 2.8.

## FACTUAL HISTORY

3.1   The defendants admit the allegations contained in Sentence 1 of Paragraph 3.1. The defendants admit that Joseph Bowler and Kimberly Bowler were and continue to be students at HHS. The defendants deny the remainder of the allegations contained in Sentence 2 of Paragraph 3.1. In further responding, the defendants deny the current existence of HHSCC.

3.2   The defendants deny the allegations contained in Sentences 1 and 2 of Paragraph 3.2. The defendants further deny the allegation contained in Sentence 3 of Paragraph 3.2 that a teacher "encouraged" students to attend an anti-Bush rally. The defendants admit that the teacher mentioned the rally and brought a doll-sized effigy of President Bush to school in order to facilitate a classroom discussion regarding the history of political dissent. The defendants deny the remaining allegations contained in Paragraph 3.2.

3.3   The defendants deny the allegations contained in Paragraph 3.3.

3.4   The defendants deny that administrators received reports of teachers and administrators mocking or deriding individuals with conservative political beliefs and, therefore, deny the allegations contained in Paragraph 3.4. In further responding, the defendants admit that Christopher Bowler requested a meeting with defendant Stapelfeld in the Spring of 2004. During the meeting, Christopher Bowler expressed concern that his teachers were not presenting enough conservative viewpoints. Defendant Stapelfeld stated that he would investigate Mr. Bowler's claim and subsequently did so. Defendant Stapelfeld concluded that HHS teachers were adequately presenting balanced political viewpoints during the course of classroom discussions.

3.5   The defendants deny the allegations contained in Sentence 1 of Paragraph 3.5. The defendants admit that one teacher displayed an anti-Bush poster on the wall of a classroom, but deny the remainder of the allegations contained in Sentence 2 of Paragraph 3.5. In further responding, the defendants state that the teacher, who had hung the poster to provoke classroom discussion relevant to the curriculum she was covering, was asked to either display a pro-Bush poster alongside the anti-Bush poster, or take the anti-Bush poster down. The teacher chose to remove the poster.

3.6   The defendants neither admit nor deny the allegations contained in Paragraph 3.6 because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. In further responding, the defendants deny that any teachers or administrators ever called Christopher Bowler "ignorant" or an "idiot," and further deny that, if any such

names were used by fellow students, they were heard by or brought to the attention of the defendants.

3.7   The defendants admit that political discussions were held within HHS prior to the presidential election of 2004, but neither admit nor deny the allegations contained in Sentence 1 of Paragraph 3.7 because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants admit the film "Fahrenheit 9/11" was shown in only two HHS classrooms. In one classroom, it was shown together with a pro-Bush film "George W. Bush: Faith in the White House" for the purpose of discussing bias in film. In the other it was shown as a means of studying formal logic and manipulation. The defendants neither admit nor deny the remaining allegations contained in Sentence 2 of Paragraph 3.7 as the film "Fahrenheit 9/11" speaks for itself. The defendants neither admit nor deny the allegations contained in Sentence 3 of Paragraph 3.7 as "Fahrenheit 9/11" speaks for itself. The defendants deny the allegations contained in Sentence 4 of Paragraph 3.7. In further responding, the defendants state that Christopher Bowler approached a teacher outside of class to discuss "Fahrenheit 9/11." The teacher and Mr. Bowler agreed to exchange copies of the films "Fahrenheit 9/11" and "Fahrenhype 9/11" as a means of continuing a dialogue between student and teacher.

3.8   The defendants deny the existence of a "persistent ant-American, anti-Bush, anti-conservative environment" at HHS and, therefore, deny the allegations contained in Sentence 1 of Paragraph 3.8. The defendants admit that Christopher Bowler and another student formed the HHSCC, but neither admit nor deny the founders' motivations for doing so because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

3.9   The defendants admit the allegations contained in Sentence 1 of Paragraph 3.9. The defendants neither admit nor deny the "mission statement" of the HSCCA because it is a writing that speaks for itself. The defendants admit the allegations contained in the final sentence of Paragraph 3.9.

3.10   The defendants deny that Christopher Bowler and Mr. Milello obtained a faculty advisor on their own. In further responding, the defendants state that, because Christopher Bowler and Mr. Milello did not organize the HHSCC until after the start of the school year, most faculty members were already committed by that time to other activities. Mr. Stapelfeld then intervened on behalf of Christopher Bowler and Mr. Milello and asked a teacher to serve as the HHSCC advisor. The teacher agreed. The defendants admit the remaining allegations contained in Paragraph 3.10.

3.11   The defendants admit the allegations contained in Sentence 1 of Paragraph 3.11, except the defendants neither admit nor deny the exact number of posters that were posted by HHSCC on November 12, 2004 because they have no actual knowledge of same and,

therefore, call upon the plaintiffs to prove same. The defendants admit that the posting of posters on school property by organized student clubs is a privilege, and that such privilege remains subject to compliance with all school policies.

3.12 The defendants admit the allegations contained in Paragraph 3.12.

3.13 The defendants admit the allegations contained in Sentences 1 and 2 of Paragraph 3.13, except that the defendants neither admit nor deny the exact number of posters that defendant Champigny took down because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants deny the allegations contained in Sentence 3 of Paragraph 3.13. In further responding, the defendants state that defendant Champigny discussed with Christopher Bowler and Mr. Milello that the links on the HSCCA web site to live, graphic beheadings were violent and inappropriate for high school students to view, particularly younger students, and that some of the slogans on the HSCCA web site could be considered to express an anti-gay viewpoint.

3.14 The defendants deny the allegations contained in Paragraph 3.14. In further responding, the defendants state that defendant Stapelfeld told Christopher Bowler that the links on the HSCCA web site to live, graphic beheadings were violent and inappropriate for high school students to view, particularly younger students.

3.15 The defendants neither admit nor deny the allegations contained in Paragraph 3.15 as they are mere conclusions to which no response is required. In further responding, the HSCCA web site speaks for itself.

3.16 The defendants neither admit nor deny the allegations contained in Paragraph 3.16 because they have no any actual knowledge of same and, therefore, call upon the plaintiffs to prove same.

3.17 The defendants admit the allegations contained in Paragraph 3.17. In further responding, the defendants state that, at that time, the propriety of the posters was under review by the defendants.

3.18 The defendants admit the allegations contained in Paragraph 3.18.

3.19 The defendants admit the allegations contained in Paragraph 3.19.

3.20 The defendants admit the allegations contained in Paragraph 3.20, except they neither admit nor deny the contents of the alleged letter as it is a written document which speaks for itself.

3.21 The defendants admit the allegations contained in Sentence 1 of Paragraph 3.21. The defendants admit that defendant Berman requested a meeting with Christopher Bowler

and other HHSCC members, but deny that said meeting was scheduled in response to local and national media coverage.

3.22   The defendants admit the allegations contained in Sentence 1 of Paragraph 3.22. The defendants deny the allegations contained in Sentence 2 of Paragraph 3.22. In further responding, the defendants state that defendant Berman confirmed that the decision not to allow the website to appear on the posters was based on the violent and graphic beheadings depicted on the site.

3.23   The defendants admit the website appeared in the HHS student newspaper, but neither nor deny that such publication was "allowed" because such term is vague and ambiguous as used in Paragraph 3.23. In further responding, the defendants state that they did not review the student newspaper prior to its publication.

3.24   The defendants admit the allegations contained in Paragraph 3.24.

3.25   The defendants admit the plaintiffs received the assistance of the Pacific Justice Institute, but neither admit nor deny whether such assistance was "sought" or unsolicited because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants neither admit nor deny the credentials of the Pacific Justice Institute because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants admit receipt of a letter from the Pacific Justice Institute, but neither admit nor deny its contents as it is a written document that speaks for itself.

3.26   The defendants admit that Charles Haynes visited HHS, but deny that the sole purpose of his visit was to interview HHSCC members. In further responding, Mr. Haynes' visit was initiated by defendant Berman. The defendants admit the allegations contained in Sentence 2 of Paragraph 3.26.

3.27   The defendants neither admit nor deny the allegations contained in Sentence 1 of Paragraph 3.27 because they have no actual knowledge of same and, therefore, call upon the plaintiffs to prove same. The defendants deny the allegations contained in Sentence 2 of Paragraph 3.27.

3.28   The defendants admit the allegations contained in Paragraph 3.28.

3.29   The defendants deny the allegations and mis-characterizations contained in Sentence 1 of Paragraph 3.29. The defendants admit the allegations contained in Sentence 2 of Paragraph 3.29.

3.30   The defendant deny the allegations contained in Paragraph 3.30.

3.31   The defendants admit the allegations contained in Sentence 1 of Paragraph 3.31. In further responding, the defendants deny the current existence of the HHSCC. The defendants neither admit nor deny the allegations contained in Sentence 2 of Paragraph 3.31 because the HSCCA website speaks for itself. The defendants deny the allegations contained in Sentences 3 and 4 of Paragraph 3.31, deny the existence of any bias at HHS, and deny the suppression of free speech at HHS.

3.32   The defendants admit the allegations contained in Paragraph 3.32 that the plaintiffs comported themselves in a peaceable manner and showed respect to the defendants. The defendant deny the remainder of the allegations contained in Paragraph 3.32.

## FIRST CLAIM
Free Speech Clause
U.S. Const. Amend. 1

4.1   The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 3.32 above.

4.2   The defendants deny the allegations contained in Paragraph 4.2.

4.3   The defendants admit they were acting, and continue to act, under color of the law of the Commonwealth of Massachusetts. The defendants deny the remaining allegations contained in Paragraph 4.3.

4.4   The defendants deny the allegations contained in Paragraph 4.4.

## SECOND CLAIM
Free Speech Clause
Massachusetts Declaration of Rights- Art. XVI
Massachusetts Civil Rights Law- M.G.L. Ch. 12 § 11I

5.1   The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 4.4 above.

5.2   The defendants deny the allegations contained in Paragraph 5.2.

5.3   The defendants deny the allegations contained in Paragraph 5.3.

5.4   The defendants deny the allegations contained in Paragraph 5.4.

## THIRD CLAIM
Equal Access Act- 20 U.S.C. § 4071

6.1     The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 5.4 above.

6.2     The defendants admit the allegations contained in Paragraph 6.2.

6.3     The defendants neither admit nor deny the statement contained in Paragraph 6.3 as it is a mere conclusion of law to which no response is required.

6.4     The defendants deny the allegations contained in Paragraph 6.4.

6.5     The defendants deny the allegations contained in Paragraph 6.5.

## FOURTH CLAIM
Rights of Students to Free Expression- Mass. Gen. Law ch. 71, § 82

7.1     The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 6.5 above.

7.2     The defendants deny the allegations contained in Paragraph 7.2.

7.3     The defendants deny the allegations contained in Paragraph 7.3.

7.4     The defendants deny the allegations contained in Paragraph 7.4.

7.5     The defendants deny the allegations contained in Paragraph 7.5.

## FIFTH CLAIM
Equal Protection Clause- U.S. Const. Amend. XIV

8.1     The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 7.5 above.

8.2     The defendants deny the allegations contained in Paragraph 8.2.

8.3     The defendants deny the allegations contained in Paragraph 8.3.

8.4     The defendants admit they were acting, and continue to act, under color of the law of the Commonwealth of Massachusetts. The defendants deny the remaining allegations contained in Paragraph 8.4.

8.5     The defendants deny the allegations contained in Paragraph 8.5.

8.6     The defendants deny the allegations contained in Paragraph 8.6.

### SIXTH CLAIM
Equal Rights- Mass. Const. Amendment CVI

9.1     The defendants reassert and incorporate by reference their responses to Paragraphs 1.1 through 8.6 above.

9.2     The defendants deny the allegations contained in Paragraph 9.2.

9.3     The defendants deny the allegations contained in Paragraph 9.3.

9.4     The defendants admit they were acting, and continue to act, under color of the law of the Commonwealth of Massachusetts. The defendants deny the remaining allegations contained in Paragraph 9.4.

9.5     The defendants deny the allegations contained in Paragraph 9.5.

9.6     The defendants deny the allegations contained in Paragraph 9.6.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiffs' First Amended Complaint fails to state a claim against the defendants upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' First Amended Complaint fails to state a claim against the defendants upon which relief can be granted, in that the defendants have no obligation to pay the plaintiffs any amount of the loss or damages alleged. Nor are the plaintiffs entitled to any injunctive relief.

### THIRD DEFENSE

The individual defendants' conduct and actions were performed according to, and protected by, law and/or legal process and, therefore, the plaintiffs cannot recover.

### FOURTH DEFENSE

The defendants' conduct and actions do not rise to the level of constitutional violations and, therefore, the plaintiffs cannot recover under 42 U.S.C. §1983.

## FIFTH DEFENSE

The defendants did not intentionally interfere or attempt to interfere with the plaintiffs' rights by threats, intimidation or coercion and, therefore, the plaintiffs cannot recover under M.G.L. c. 12, § 11I.

## SIXTH DEFENSE

The defendants, Town of Hudson and Hudson High School, are not subject to liability under M.G.L. c. 12, § 11I because municipalities are not "persons" within the meaning of the Massachusetts Civil Rights Act. Thus, the plaintiffs cannot recover against the Town of Hudson or Hudson High School under M.G.L. c. 12, § 11I.

## SEVENTH DEFENSE

The defendants did not violate any clearly-established constitutional rights of the plaintiffs of which a reasonable person would have known.

## EIGHTH DEFENSE

At all relevant times the defendants had the authority to maintain order and discipline on the Hudson High School premises and to protect the well-being of students and faculty.

## NINTH DEFENSE

The plaintiffs' conduct caused disruption and disorder within Hudson High School and, therefore, the plaintiffs cannot recover under M.G.L. c. 71, § 82.

## TENTH DEFENSE

No policy, custom or practice of the defendants caused the plaintiffs' alleged civil rights deprivations and, therefore, the plaintiffs cannot recover in this action.

## ELEVENTH DEFENSE

The plaintiffs cannot establish that they were selectively treated based on impermissible considerations such as the intent to inhibit or punish the exercise of constitutional rights, or malicious or bad intent to injure a person.

## TWELFTH DEFENSE

The plaintiffs fail to allege facts sufficient to support a claim that the defendants, Town of Hudson and/or Hudson High School, violated plaintiffs' rights by the adoption of or adherence to an unconstitutional custom, policy or practice. Therefore, the plaintiffs cannot recover against

the Town or High School in this action.

## THIRTEENTH DEFENSE

The individual defendants are protected from litigation and from liability under the doctrine of qualified immunity.

## FOURTEENTH DEFENSE

The state statutes cited by the plaintiffs do not support a private remedy or right of action against the defendants.

## FIFTEENTH DEFENSE

The plaintiffs bear the burden of proving that their alleged civil rights were clearly established at the time of the alleged violations. The plaintiffs cannot meet that burden of proof in the circumstances of this action and, therefore, cannot recover against the defendants.

## SIXTEENTH DEFENSE

The defendant, Town of Hudson, cannot be held vicariously liable for the acts or omissions of its agents, servants or employees.

## SEVENTEENTH DEFENSE

The plaintiffs were not deprived of any rights secured by the United States Constitution or the Massachusetts Constitution or the laws of the Commonwealth of Massachusetts or the United States.

## EIGHTEENTH DEFENSE

The defendants state that any injuries alleged, if they occurred at all, were caused in part or in whole by someone for whose conduct the defendants are not responsible.

## NINETEENTH DEFENSE

The plaintiffs have failed to bring this action within the applicable statute of limitations and, therefore, the plaintiffs cannot recover.

## TWENTIETH DEFENSE

The plaintiffs lack standing to sue the defendants and thus this action must be dismissed.

### TWENTY-FIRST DEFENSE

The plaintiffs fail to allege facts sufficient to support a claim that they have sustained or are in immediate danger of sustaining a direct injury as the result of the defendants' conduct. Thus, the plaintiffs' action must be dismissed.

### TWENTY-SECOND DEFENSE

The plaintiff, HHSCC, does not currently exist. Thus, all claims brought by plaintiff HHSCC must be dismissed as moot.

### TWENTY-THIRD DEFENSE

The defendant, Hudson High School, is not a legal entity subject to suit and, therefore, all claims as against the High School must be dismissed.

### JURY DEMAND

The defendants demand a jury on all issues raised in the plaintiffs' First Amended Complaint.

Respectfully submitted,
The Defendants,

JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis, Esq., BBO # 115890
Mia Baron, Esq., BBO # 663826
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on September ___, 2006.

_____
John J. Davis