UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

CHRISTOPHER BOWLER, HUDSON HIGH )
SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
    Plaintiffs, )
)
vs. )
)
JOHN STAPELFELD, DAVID CHAMPIGNY, )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH )
SCHOOL, )
    Defendants. )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT UNDER L.R. 7.1(D)

This civil rights action arises out of a decision by Hudson High School (hereinafter "HHS") administrators to prohibit a non-curriculum related student group from listing a website address on its posters – posters displayed on hallway walls and bulletin boards throughout HHS – containing links to five realtime, gruesome videos, in color and with sound, of terrorists beheading hostages (hereinafter "the beheading videos.") The plaintiffs seek damages and injunctive relief for the defendants' alleged censorship of the website address from posters belonging to the plaintiff, the Hudson High School Conservative Club (hereinafter the "Club,") and for the Hudson School Committee's allegedly unlawful policies regulating student posting of materials within HHS. Specifically, the plaintiffs allege the defendants violated plaintiffs' rights (1) of free speech as guaranteed under the First Amendment to the United States Constitution; (2)

to equal access and a fair opportunity to use a limited public forum, as protected under the Equal Access Act, 20 U.S.C. § 4071; (3) of free expression, as protected under the Massachusetts Education Reform Act, M.G.L. c. 71, § 82; (4) to equal protection, as guaranteed under the Fourteenth Amendment to the United States Constitution; and (5) to equal protection, as guaranteed under the Massachusetts Constitution.

No material issues of fact remain in dispute with regard to plaintiffs' remaining claims as set forth in Counts I, III, IV, V and VI of their Second Amended Complaint. The defendants are now entitled to summary judgment on all such claims as a matter of law because:

1. The defendants did not violate plaintiffs' First Amendment rights to free speech by censoring the website address from Club posters in that the beheadings videos displayed on the website impinged on the rights of other students to be left alone, the defendants reasonably believed the beheadings videos would substantially disrupt or materially interfere with HHS operations, and the beheadings videos are plainly offensive (Count I);

2. The defendants did not violate plaintiffs' rights to equal protection (Counts V & VI);

3. The defendants did not violate plaintiffs' rights under the Equal Access Act (20 U.S.C. § 4071) in that the posting of the posters was not protected conduct under the Act; the plaintiffs were not denied equal access or a fair opportunity, nor were they discriminated against because of the content of their speech at meetings; and barring the website address from Club posters falls within the "order and discipline" and "well-being" exceptions to the Act (20 U.S.C. § 4071(f)) (Count

III);

4. The individual defendants (John Stapelfeld, David Champigny and Dr. Sheldon Berman) are entitled to qualified immunity as against plaintiffs' civil rights claims (Counts I, III & V);

5. Neither the Town of Hudson nor HHS can be held vicariously liable for the civil rights violations of its agents or employees (Counts I, III & V);

6. The plaintiffs lack standing to challenge the Hudson School Committee Policies; and

7. The defendants did not violate plaintiffs' right to free expression under M.G.L. c. 71, § 82 (Count IV).

In support of this Motion, the defendants submit the following materials enclosed herewith:

- Affidavit of John Stapelfeld;
- Affidavit of David Champigny;
- Affidavit of Ellen Schuck;
- Affidavit of John J. Davis, and Exhibit "A" attached thereto;
- Deposition testimony of Christopher Bowler;
- Deposition testimony of James Milello, and Exhibit 2 attached thereto;
- Deposition testimony of Kimberly Bowler;
- Deposition testimony of Joseph Bowler;
- Notice of Filing with Clerk's Office;
- Defendants' Concise Statement of Material Facts in Support of Motion for

Summary Judgment; and

- Defendants' Memorandum of Law in Support of Motion for Summary Judgment.

WHEREFORE, the defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, the Town of Hudson and HHS, respectfully request that this Court grant their Motion for Summary Judgment by entering summary judgment in favor of the defendants and against the plaintiffs on Counts I, III, IV and VI of plaintiffs' Second Amended Complaint.

### REQUEST FOR ORAL ARGUMENT

The defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, the Town of Hudson and HHS, respectfully request, pursuant to Local Rule 7.1(D), that this Court grant a hearing as to their Motion for Summary Judgment, based on defendants' belief that oral argument may assist this Court in deciding the issues contained herein.

> Respectfully submitted,
> The Defendants,
>
> JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,
>
> By their attorneys,
>
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Davis, Esq., BBO # 115890
> Mia Baron, Esq., BBO # 663826
> Ten Winthrop Square
> Boston, MA 02110
> (671) 350-0950

Date:   April 11, 2007

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 11, 2007.

_____
John J. Davis, Esq.