IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BOWLER,<br>HUDSON HIGH SCHOOL CONSERVATIVE<br>   CLUB, an unincorporated association,<br>JOSEPH T. BOWLER and<br>KIMBERLY A. BOWLER, by and through her<br>father and next friend, STEVEN BOWLER,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JOHN STAPELFELD, DAVID CHAMPIGNY,<br>DR. SHELDON BERMAN, TOWN OF<br>HUDSON, MASSACHUSETTS and HUDSON<br>HIGH SCHOOL,<br><br>   *Defendants*. | Docket No.: 05-11007 PBS |

PLAINTIFFS' MOTION FOR RECONSIDERATION
AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs in the above captioned cause of action hereby move pursuant to Fed. R. Civ. P. 59(e) for reconsideration of this Court's order entered October 4, 2007 (Dkt. # 57) to the extent it granted the individual Defendants' summary judgment on the basis of qualified immunity.

FACTS

On October 4, 2007, this Court entered a Memorandum and Order ruling on the Defendants' Motion for Summary Judgment. The Order denied the motion as to the substantive aspect of each claim set forth in the Second Amended Complaint. However, the Order did allow summary

judgment as to the qualified immunity defense of the individual Defendants (Dkt. # 57, p. 31). The Court wrote that qualified immunity would attach if the individual defendants "reasonably believed the videos were inappropriate for high school students[.]" It also found the state of the law sufficiently uncertain because of the "fractured" decision in *Pico v. Bd. of Education*, 457 U.S. 853 (1982), and the uncertainty resulting from the decision in *Harper v. Poway Unified Sch. Dist.*, 445 F.3d 1166 (9th Cir. 2006), *vacated as moot*, 127 S. Ct. 1484 (2007). The Court also deemed abandoned by the Plaintiffs any claim that the individual Defendants' intent to suppress expression on the basis political viewpoint prevents summary judgment on the qualified immunity defense because this was not asserted in the qualified immunity argument (Dkt. # 57, p. 30).

## **ARGUMENT**

The Plaintiffs respectfully submit that the Court departed from applicable legal principles and overlooked significant facts in granting the individual Defendants summary judgment on their qualified immunity defense. The order correctly sets forth that under First Circuit precedent qualified immunity is available to an individual defendant unless (1) the plaintiff's allegations, if true, state a constitutional violation, (2) the constitutional right at issue was clearly established, and (3) a reasonable official would understand that his or her conduct violated that right. *Rodriguez-Marin v. Rivera-Gonzalez*, 438 F.3d 72, 83 (1st Cir. 2006). In this case, this Court's decision demonstrates that the allegations made by the Plaintiffs set forth claims for constitutional and statutory violations. Thus, prong (1) of this test is met.

The Supreme Court recently indicated that questions (2) and (3) set forth in *Rodriguez-Marin* are actually combined. "If, and only if, the court finds a violation of a constitutional right, 'the next,

sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case.'" *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982). Moreover, "if the plaintiff has introduced evidence competent to substantiate both an infringement of his rights and that those rights were clearly established at the time of the infringement, 'an inquiring court can then presume that the defendant knew, or should have known, that his conduct was beyond the pale,' and that summary judgment for the defense is inappropriate." *Navedo v. Maloney*, 172 F. Supp. 2d 276, 286 (D. Mass. 2001) (quoting *Buenrostro v. Collazo*, 973 F.2d 39, 42 (1st Cir. 1991)).

I.      **Waiver Ruling**

The Plaintiffs request that this Court reconsider its decision to deem abandoned the argument that the individual Defendants are not entitled to qualified immunity because the censorship of the HHSCC posters was motivated by the Defendants' opposition to the content and conservative position of the Club and the website that was advertised on the Club posters (Dkt. # 57, pp. 30-31). This Court recognized elsewhere in the summary judgment order that there were disputed factual issues regarding whether the censorship of the posters was motivated by the Defendants' opposition to the political position of the Club (Dkt. # 57, pp. 24, 26-27). This kind of content-based, viewpoint discrimination against expression would violate both the First Amendment's guarantee to free speech and the Fourteenth Amendment's guarantee to equal protection of the law. *See Hansen v. Ann Arbor Public Schs.*, 293 F. Supp. 2d 780, 803, 806-07 (E.D. Mich. ) (school's discrimination

3

against a student's speech because of its viewpoint constituted a violation of student's constitutional rights to freedom of speech and to equal protection of the law). The Plaintiffs did clearly raise the claim that the Defendants had violated the constitution because the censorship resulted from the hostility to the Club's political positions (Dkt. # 54, pp. 3-4, 16-17).

Although the Plaintiffs' opposition to Defendants' motion for summary judgment never specifically referred to the Defendants' viewpoint discrimination as a basis for denying their request that they be found qualifiedly immune, this was because the Defendants never argued that they were entitled to qualified immunity with respect to the viewpoint discrimination aspect of Plaintiffs' claims. In their memorandum supporting summary judgment, the Defendants argued only that the law was not clear that the "significant discretion" they enjoy under to prevent school disruption or harm to students did not extend to the censorship of the website address (Dkt. # 41, pp. 22-23).

The Defendants did not argue that they were entitled to qualified immunity because the law was not clearly established that they could not censor the posters because of the content or viewpoint of the Club; indeed, the Defendants made no express argument concerning the Plaintiffs' equal protection claim in their argument for qualified immunity (Dkt. # 41, pp. 22-23). The Defendants' sole objection to the equal protection claim was a factual one; they argued that there was insufficient evidence to demonstrate that the Conservative Club and its members were singled out for different treatment (Dkt. # 41, p. 14), an argument this Court rejected based upon evidence supporting the claim of viewpoint discrimination. Thus, because the Defendants never raised an argument that they were entitled to qualified immunity on the Plaintiffs' claims alleging viewpoint discrimination, the Plaintiffs did not make this point in their opposition to the request for summary judgment.

"Because qualified immunity is an affirmative defense, the burdens of pleading and

persuasion rest with the defendant." *Navedo*, 172 F. Supp. 2d at 286 (citing *DiMarco-Zappa v. Cabanillas*, 238 F.3d 25, 35 (1st Cir. 2001)). It was the Defendants obligation to make an argument that they were entitled to qualified immunity on the Plaintiffs' claims based upon viewpoint discrimination. The Defendants' failure to do so was the reason viewpoint discrimination was not specifically mentioned in the Plaintiffs' qualified immunity argument. The Plaintiffs' failure to make an argument on a point that was never raised by the Defendants should not be the basis for deeming the point abandoned.

**II.     First Amendment (First Claim) and Equal Access Act (Third Claim)**

In their brief supporting their motion for summary judgment, the Defendants' qualified immunity argument was limited to the contention that they were reasonable in believing that the censorship was allowable in the interest of preventing school disruption or because the expression was "plainly offensive." (Dkt. # 41, pp. 22-23). The Court's written order indicates it may have misapprehended the qualified immunity principles in granting the individual Defendants qualified immunity as a matter of law on the Plaintiffs' claims for deprivation of rights under the free speech clause of the First Amendment and the Equal Access Act, 20 U.S.C. § 4071.

First, the Court indicated that qualified immunity was appropriate because the individual Defendants "reasonably believed the videos were inappropriate for high school students[.]" (Dkt. # 57, p. 29). But whether the videos were inappropriate is not the issue; what is the issue is whether it was clearly established that censorship of the HSCCA website address violated the First Amendment under the circumstances. As this Court noted elsewhere in its order, there was no evidence presented that the videos, much less the website address, caused disruption (Dkt. # 57, p.

5

17-19). Such disruption, or a reasonable forecast thereof, is a prerequisite to censoring student expression in this context. *Tinker v. Des Moine Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 511 (1967). Second, the individual defendants persisted in their position even after it was clear there would be no disruption (Dkt. # 57, p. 19). A school official in the position of the Defendants should have known that evidence of disruption is required to sustain a limitation on the speech of a student, and it was not reasonable to continue that limitation once it was clear there would be no disruption of the school.

Nor was the censorship reasonable on the basis that the expression at issue was "plainly offensive." As this Court pointed out in its order, the posters at issue here did not display anything offensive (Dkt. # 57, p. 20). It was clearly established at the time of the events in question here that the power of school administrators to censor "plainly offensive" speech under *Bethel School Dist. No. 403 v. Fraser*, 478 U.S. 675 (1986), extends only to in-school speech. *Emmett v. Kent Sch. Dist. No. 415*, 92 F. Supp. 2d 1088 (W.D. Wash. 2000) (citing *Bethel*, 478 U.S. at 688 (Brennan, J., concurring)).

The decisions in *Bd. of Ed., Island Trees Union Free Sch. Dist. v. Pico*, 457 U.S. 853 (1982), and *Harper v. Poway Unif. Sch. Dist.*, 445 F.3d 1166 (9th Cir. 2006), *vacated*, 127 S. Ct. 1484 (2007), do not render the applicable law unclear as applied in the instant factual context. The plurality decision in *Pico* stands for the proposition that the discretion to determine the content of a public school library may not be exercised in a narrowly partisan or political manner. Given the allegations in the Amended Complaint that the censorship was aimed at suppressing the conservative viewpoint of the Plaintiffs' club and the HSCCA website, the decision in *Pico* only demonstrates that the instant Defendants' conduct was unreasonable. *Harper* had not even been decided at the time

of the events in question here, so could not have made the law unclear to the Defendants. And no other court has adopted the position expressed in *Harper* that censorship of student speech may be based upon the "right to be left alone." *See Saxe v. State College Area Sch. Dist.*, 240 F.3d 200, 217 (3d Cir. 2000) (censorship on the basis of "interference with the rights of others" under *Tinker* has be interpreted only to cover tortious speech, like libel, slander, and intentional infliction of emotional distress; it is not enough that speech is offensive to others).

## CONCLUSION

      For the reasons set forth above, the Plaintiffs respectfully request that this Court reconsider its prior order granting the individual Defendants' summary judgment on their defense of qualified immunity and enter an amended order denying the Defendants' motion for entry of summary judgment finding that they are entitled to qualified immunity as to the First, Third and Fifth Claims in the Second Amended Complaint.

                                    Respectfully submitted,

                                    The Plaintiffs, By Counsel,

                                    /s/ Gregory A. Hession
                                    Gregory A. Hession, J.D.
                                    172 Thompson Street.
                                    Springfield, MA  01109
                                    BBO No. 564457
                                    Ph: (413) 746-3333
                                    Fax:  (413) 746-6161

                                    Participating Attorney for
                                    The Rutherford Institute

**Certificate of Service**

  I, Gregory A. Hession, hereby certify that the foregoing document was filed through the Electronic Case Filing System on October 19, 2007, and that a paper copy will be served to any non-registered participants on the same date.

                /s/Gregory A. Hession