UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

CHRISTOPHER BOWLER, HUDSON HIGH )
SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
    Plaintiffs, )
)
vs. )
)
JOHN STAPELFELD, DAVID CHAMPIGNY, )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH )
SCHOOL, )
    Defendants. )

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION, AND OBJECTION TO PLAINTIFFS' NOTICE OF INTENT TO PRESS STATE CLAIMS**

The defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, the Town of Hudson, and Hudson High School ("the defendants"), hereby oppose Plaintiffs' Motion for Reconsideration, and object to Plaintiffs' Notice of Intent to Press State Claims, filed with the Court on October 19, 2007 and October 18, 2007, respectively.[1]

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs move for reconsideration of the Court's order granting qualified immunity to the individual defendants, John Stapelfeld, David Champigny, and Dr. Sheldon Berman, on the grounds that: (i) plaintiffs should have a second chance to argue that qualified immunity does not

---

[1] The defendants note that plaintiffs did not confer with defense counsel prior to the filing of their Motion for Reconsideration, as required by Local Rule 7.1(A)(2).

apply to the individual defendants because they were impermissibly motivated to punish the Hudson High School Conservative Club's ("the Club") speech due to its content; (ii) a reasonable school official in the position of the individual defendants should have known how to interpret and apply Tinker v. Des Moine Indep. Cmty. Sch. Dist., 393 U.S. 503 (1967) ("Tinker") and Bethel School Dist. No. 403 v. Fraser, 478 U.S. 675 (1986) ("Fraser"); and (iii) the decisions in Bd. of Ed., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853 (1982) ("Pico") and Harper v. Poway Unif. Sch. Dist., 445 F.3d 1166 (9th Cir. 2006), vacated as moot, 127 S. Ct. 1484 (2007) ("Harper") do not render First Amendment jurisprudence unclear in this context. Plaintiffs' Motion for Reconsideration should be denied for the following reasons.

I. **Plaintiffs Waived Any Right to Raise Arguments Against the Qualified Immunity Defense Not Raised in their Opposition to the Defendants' Summary Judgment Motion.**

Plaintiffs contend that they did not raise the above-mentioned argument to the qualified immunity defense because the defendants never raised it first. It cannot be reasonably maintained that the defendants were obligated to articulate one of plaintiffs' potential arguments against the qualified immunity defense; this flies in the face of common sense. The defendants were obligated only to satisfy the burden of pleading and persuading the affirmative defense of qualified immunity, as articulated in Navedo v. Maloney, 172 F. Supp. 2d 276, 286 (D. Mass. 2001). The defendants did so. Specifically, the defendants adequately – and successfully – set forth the qualify immunity defense in their summary judgment memorandum of law, both explaining the applicable legal principles of the defense and arguing that it applied to shield the individual defendants from damages for *all* of plaintiffs' claims. (Dkt # 41, pp. 21-23).

As the Court accurately pointed out, "[a] party who aspires to oppose a summary

judgment motion must spell out his arguments <u>squarely and distinctly</u>, or else forever hold his peace." Higgins v. New Balance Athletic Shoes, Inc., 194 F. 3d 252, 260 (1st Cir. 1999) (Dkt # 57, pp. 30-31). As Higgins illustrates, plaintiffs bore the burden, and had every opportunity, to raise any and all arguments in opposition to the qualified immunity defense in their opposition to the defendants' summary judgment motion. Their failure to do so precludes them from now raising additional arguments. Thus, the Court should not reconsider its ruling on the qualified immunity defense, or allow plaintiffs to now, for the first time, raise new arguments against the qualified immunity defense under any theory, including the theory that the individual defendants were impermissibly motivated to punish the Club's speech because of its content. See e.g., Torres v. Gonzalez, 71 F. Supp. 2d 14, 23 (D.P.R. 1999). Plaintiffs waived the right to make any argument not raised in their opposition to the defendants' summary judgment motion.

**II.     The Court Accurately Concluded That a Reasonable School Official, Similarly Situated, Would Not Understand That the Challenged Conduct Violated Plaintiffs' Clearly Established Rights, and Would Not Have Acted Differently from the Individual Defendants.**

Next, plaintiffs contend that "[a] school official in the position of the [individual defendants] should have known that evidence of disruption is required to sustain a limitation on the speech of a student, and it was not reasonable to continue that limitation once it was clear there would be no disruption of the school" under Tinker and that "the power of school administrators to censor "plainly offensive" speech . . . extends only to in-school speech" under Fraser. The Court made clear, however, that school officials are not required to understand all of the complex legal principles and intricacies that are a part of the Supreme Court's First Amendment jurisprudence. (Dkt # 57, p. 29). The Court went on to accurately conclude that "[t]he First Amendment jurisprudence governing a school's regulation of student access to

violent speech on the internet with the benign intent to protect students from images which may be upsetting and psychologically damaging is not settled." (Dkt # 57, p. 29) (emphasis added). Further, the Court noted that the type of conduct allowable under Tinker has not been definitively decided by the Supreme Court. (Dkt # 57, p. 14). The Court also found no evidence that similarly situated school officials would have acted differently from the individual defendants. (Dkt # 57, p. 30). Thus, the Court should not reconsider its qualified immunity decision because it accurately concluded that a reasonable school official, similarly situated, would not understand that the challenged conduct violated plaintiffs' clearly established rights, and would not have acted differently from the individual defendants.

III.   **The Decisions in Harper and Pico Show that First Amendment Jurisprudence is Not Settled in this Area.**

In reaching its decision to grant the individual defendants qualified immunity, the Court noted that the decisions in Harper and Pico shed further uncertain light on First Amendment jurisprudence in this area. (Dkt # 57, p. 29) (emphasis added). Specifically, the plurality in Pico held that whether a school official can censor materials in school depends upon the motivation behind the school official's action. Pico, 457 U.S at 871. This Court accurately noted that – due to the "seven highly fractured opinions" in Pico – the role of subjective intent in censorship is unclear. (Dkt # 57, pp. 21-22 & 29). More recently, in Harper, the Ninth Circuit held that evidence of psychological harm to students was not needed to justify school officials' actions in prohibiting a student from expressing himself by wearing a certain t-shirt. Harper, 445 F. 3d at 1179-1180. Both Pico and Harper question the exact scope of First Amendment jurisprudence such that the Court itself had difficultly determining whether a First Amendment violation occurred in this case. (Dkt # 57, p. 29). Surely the individual defendants cannot be required to

possess a higher level of legal understanding than the Court. Hence, the Court should not reconsider its qualified immunity decision because First Amendment jurisprudence in this area is not "clearly established" in the qualified immunity framework.

### OBJECTION TO PLAINTIFFS' NOTICE OF INTENT TO PRESS STATE CLAIMS

Plaintiffs indicate that they "intend to pursue claims against the defendant individual school administrators under state law." (Dkt # 58, p. 2). The defendants assert that plaintiffs have no right to assert any state claims for damages against the individual defendants because the Court allowed summary judgment as to the qualified immunity of the individual defendants on all of plaintiffs' claims, both state and federal. (Dkt #57, p. 31). See Duarte v. Healy, 405 Mass. 43, 407-408 (1989) (holding that Massachusetts law follows federal qualified immunity standards). The defendants therefore object to plaintiffs' intent to press any state claims against the individual defendants for damages.

Respectfully submitted,
The Defendants,

JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

*/s/ Mia B. Friedman*
John J. Davis, Esq., BBO # 115890
Mia B. Friedman, Esq., BBO # 663826
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on November 2, 2007.

*/s/ Mia B. Friedman*
Mia B. Friedman, Esq.