IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BOWLER, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. **05 CV 11007 PBS** |
| ) | |
| JOHN STAPELFELD, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION *IN LIMINE* TO
EXCLUDE EXPERT TESTIMONY OF GERALD LEWIS Ph.D.**

Plaintiffs hereby move *in limine* to exclude the expert testimony of Defendant's expert witness, Gerald Lewis, Ph.D., pursuant to Fed.R.Civ.P. 702, as follows:

1. Defendants seek to introduce the expert testimony of Gerald Lewis, Ph.D, regarding whether "viewing of the video taped beheadings has a potentially negative psychological impact on students in Hudson High School." It is alleged that these beheadings were available by clicking a link on a web site connected with the High School Conservative Clubs of America ("HSCCA"), the national organization with which the local Hudson High School Conservative Club was affiliated. The HSCCA site contained a large amount of displayed content and material from numerous sources, and some outside links.

2. A fair and accurate summary of what Dr. Lewis opines in his preliminary report, is that, "there is a significant potential for a young person to be negatively affected by viewing the video tapes of the beheadings," which could "manifest in a wide array of serious emotional, cognitive and social disruption," resulting in "difficulties for the student to learn or conduct him/herself appropriate in the school." He further opines that students viewing the videotapes "could be disrupted significantly, and as a result, this could rise to the level of interfering with the mission of the school educational program."

3. The testimony of Dr. Lewis summarized in Paragraph 2 above should be excluded under Fed.R.Evid. 702, as that testimony: a) will only speculate about what *could* happen, but not what *did* happen, and thus he cannot apply his opinion to the facts of this case; and b) is not needed to explain any "scientific, technical, or other specialized knowledge" that will assist the trier of fact to understand the evidence. These arguments will be more fully explained below.

**The Expert's Testimony is Not Based on Facts of the Case**

4. There is insufficient connection between the expert's opinion and the facts of the case. In the preliminary report submitted pursuant to Fed.R.Civ.P 26(a), there is no assertion that any child has viewed a beheading as a result of linking to the HSCCA web site.

5. An expert's opinion must be based upon the actual facts of the underlying case, not upon something speculative. *Bogosian v. Mercedes-Benz of N. America*, 104 F.3d 472, 479-

481 (1st Cir. 1996). Otherwise, it renders the evidence irrelevant under Fed.R.Evid. 402.

6. No affidavit or other sworn fact presented with Defendants' motion for summary judgment alleges that any student ever viewed the videos in question, except for James Melillo, a co-founder, with plaintiff Christopher Bowler, of the Hudson High School Conservative Club. There is no evidence that he suffered or complained to any of the defendants that he suffered any psychological harm from that activity.

7. The videos in question were and continue to be available from a wide variety of heavily trafficked web sites all over the internet, which get millions of "hits" per day, and which are promoted and advertised as containing these videos. There is no evidence whatsoever that any student went to the HSCCA web site from the reference which was briefly displayed on a few posters, nor is there any evidence that any student further located the link and viewed these videos from that web site.

8. Even with all the publicity generated by the controversy over the censorship of the Club posters, and articles written by numerous area newspapers, the defendants did not produce one student negatively affected by a visit to the HSCCA web site.

9. Thus, the expert opinion is not relevant, pursuant to Fed.R.Evid. 402

10. The expert opinion is not admissible under Fed.R.Evid. 403, as it will cause confusion,

and be a waste of time.

**Expert Testimony is Not Needed to Assist the Trier of Fact to Understand the Evidence**

11.     When faced with a proffer of expert testimony, the district court must determine whether the expert witness is qualified and has specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *Bogosian v. Mercedes-Benz of N. America*, 104 F.3d 472, 476 (1st Cir. 1996).

12.     Plaintiffs do not directly challenge the qualifications of this expert, but assert that this witness is not needed to assist the trier of fact to understand evidence.  If evidence is produced that a child was negatively affected by viewing a video alleged to be connected to the Conservative Club web site, no expert testimony will be needed to determine if disruption occurred.  That is a fact issue, without the need for expert testimony. See *Cummings v. Std. Register Co.,* 265 F.3d 56,64 (1st Cir 2001).

Dated this 27th day of February, 2008.

Respectfully submitted,

 /S/ Gregory A. Hession J.D.
Gregory A. Hession, J.D..
172 Thompson Street.
Springfield, MA  01109
(413) 746-3333
BBO. No. 564457

Participating Attorney for
The Rutherford Institute

John W. Whitehead, Esq.
Douglas R. McKusick, Esq.
THE RUTHERFORD INSTITUTE
1440 Sachem Place
Charlottesville, Virginia 22901
(434) 978-3888
Fax:  (434) 978-1789