UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

CHRISTOPHER BOWLER, HUDSON HIGH )
SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
    Plaintiffs, )
)
vs. )
)
JOHN STAPELFELD, DAVID CHAMPIGNY, )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH )
SCHOOL, )
    Defendants. )

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF
OUT-OF-COURT STATEMENTS OF SCHOOL TEACHERS AND ADMINISTRATORS**

The deposition testimony of plaintiffs, Christopher Bowler, Joseph T. Bowler, Kimberly A. Bowler, and of non-party witness, James Melillo, includes numerous allegations that Hudson High School teachers and administrators made statements purportedly revealing or reflecting a politically "liberal" bias. The statements were allegedly made at various times, both before and after the defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, Town of Hudson, Massachusetts and Hudson High School ("the defendants"), instructed the Hudson High School Conservative Club ("the Club") to remove an internet domain name – "www.hscca.org" – with hyperlinks to beheading videos from ten Club posters posted on the walls of Hudson High School. For example, James Melillo testified during his deposition as to the purported "liberal" bias of Hudson High School teacher Ms. Beck:

> Q: And on what did you base your conclusions that Ms. Beck had a strong liberal bias?
>
> A: There were a variety of reasons, two come to mind: The first was that in class Ms. Beck would often – what she spoke of was views I did not espouse, and I had known for a while that I espoused conservative views, and so, you know, her being to the left, and I had heard people who professed to be liberals espousing the same views as her.

James Melillo deposition, at pp. 32-33. As a second example, Christopher Bowler's Interrogatory Answers reveal further allegations of such statements:

> How are students supposed to feel comfortable and confident in expressing conservative beliefs in their classrooms where teachers [like Ms. Phyllis Kutt] are encouraging students to go into Boston and watch an effigy doll of President Bush being dragged through the streets, are calling conservatives and Christians terrorists and extremists [Ms. Menanson], claim to be neutral, yet hand class-work with distorted descriptions of liberal and conversation views, and openly advocate abortion in the classroom [Ms. Snyder]?"

Christopher Bowler's Interrogatory Answers, Answer No. 8.

The defendants hereby move *in limine* to preclude the plaintiffs from offering any alleged statements (or any similar or related comments or statements) of Hudson High School teachers and administrators into evidence at trial, other than statements made by the individual defendants, John Stapelfeld, David Champigny, and Dr. Sheldon Berman. As grounds therefor, the defendants state as follows:

1. The alleged statements of Hudson High School teachers and administrators are out-of-court statements offered to prove the truth of the matters asserted, and constitute statements against interest under Fed. R. Evid. 804(b)(3).

2. Statements against interest may only be received if the declarant is unavailable to testify for a valid reason. M.S.Walker, Inc. v. Travelers Indem. Co., 470 F.2d 951,

952-953 (1st Cir. 1973). The plaintiffs have made no showing that any Hudson High School teacher or administrator who allegedly made statements exhibiting a politically "liberal" bias is unavailable to testify for a valid reason.

3. Further, while a vicarious admission may qualify as an exception to the hearsay rule, this is only so upon a showing that the vicarious admission is made by a "party's agent or servant concerning a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2); Woodman v. Haemonetics Corp., 51 F.3d 1087, 1094 (1st Cir. 1995); Union Mut. Life. Ins. Co. v. Chrysler Corp., 793 F.2 1, 8-9 (1st Cir. 1986). The plaintiffs cannot demonstrate that any of the defendants authorized any Hudson High School teacher or administrator to make any of the alleged statements. Therefore, the alleged statements are inadmissible.

4. Additionally, the plaintiffs present no foundation for their inferences, based on discrete out-of-court statements, that the speakers possessed a politically "liberal" bias. Instead, they rely on their own speculative and conclusory opinion testimony, which is inadmissible under Fed. R. Evid. 701.[1] Lay opinion testimony, which does little more than tell the jury what result to reach, should not be admitted. Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 624 (1st Cir. 1988).

5. The speakers' alleged political viewpoints with respect to, *inter alia*, President Bush and the American military presence in Iraq, do not provide any basis for the

---

[1] "Opinion testimony from lay witnesses is admissible only if it is 'rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of the fact in issue." Fed. R. Evid. 701; see Swajian v. General Motors Corp., 916 F.2d 31, 36 (1st Cir. 1990).

      conclusion that the speakers possess a politically "liberal" bias. See, e.g., Alexis v. McDonald's Restaurants of Mass., Inc., 67 F.3d 341, 347 (1st Cir. 1995) (lay opinion testimony that employer possessed race-based animus, based on, *inter alia*, observation that employer acted angrily and negatively towards a minority employee, was properly excluded because observations did not show anything other than race-neutral conduct); Connell v. Bank of Boston, 924 F.2d 1169, 1177-1178 (1st Cir. 1991) (lay opinion testimony that employer possessed age-based animus, based on, *inter alia*, evidence that employer was considering an early retirement program and that some older employers had been terminated, was properly excluded under Fed. R. Evid. 701 because no facts supported or explained the broad assertion).

6.    Finally, plaintiffs' conclusory lay opinion testimony will unfairly prejudice the defendants by painting an inaccurate and incomplete picture of Hudson High School. Plaintiffs apparently intend to testify to statements made by, at most, 6 - 8 teachers. However, there were 100 teachers employed at Hudson High School during the 2004-2005 academic year. Plaintiffs themselves admit that a person can hold both "liberal" and "conservative" viewpoints simultaneously.[2] Thus, to

---

[2] During his deposition, Chris Bowler testified as follows:

Q.    Is it fair to say that a person can have a liberal view on one topic and a conservative view on another?

A.    Definitely.

Q.    Somebody can have a liberal view on economic issues, but a more conservative view on international relations, for example?

> label a person as possessing a politically "liberal" bias simply because he or she expressed a so-called "liberal" view on one particular topic, is nothing more than inadmissible speculative and conclusory opinion testimony by a lay witness.

WHEREFORE, for the reasons set forth above, the defendants request that this Court enter an order that the plaintiffs shall be precluded from introducing statements (or any similar or related comments or statements) of Hudson High School teachers and administrators into evidence, other than statements of the individual defendants, John Stapelfeld, David Champigny, and Dr. Sheldon Berman. And, as such statements are deemed inadmissible, this Court should further order that plaintiffs' counsel be precluded from making any comment or mention of such alleged statements in his opening statement or closing argument, or at any time during trial.

---

A.  Yes.

Q.  And a liberal view on feminism, but a more conservative view on marriage?

A.  Yes.

Christopher Bowler deposition, at p. 104.

        Respectfully submitted,
        The Defendants,

        JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

        By their attorneys,

        PIERCE, DAVIS & PERRITANO, LLP


        /s/ John J. Davis
        John J. Davis, Esq., BBO # 115890
        Mia B. Friedman, BBO # 663826
        Ten Winthrop Square
        Boston, MA 02110
        (671) 350-0950

Date: February 27, 2008


## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 27, 2008.

        /s/ John J. Davis
        John J. Davis, Esq.