UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

CHRISTOPHER BOWLER, HUDSON HIGH )
SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
 Plaintiffs, )
)
vs. )
)
JOHN STAPELFELD, DAVID CHAMPIGNY, )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH )
SCHOOL, )
 Defendants. )

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF SCHOOL OFFICIALS' EXERCISE OF THEIR FREE SPEECH RIGHTS

Plaintiffs' Second Amended Complaint and the deposition testimony of plaintiffs, Christopher Bowler, Joseph T. Bowler, Kimberly A. Bowler, and of non-party witness, James Melillo, contain numerous allegations that Hudson High School teachers and administrators made certain statements, and took certain actions unrelated to plaintiffs' posters, that purportedly reveal or reflect a politically "liberal" bias. Even if such allegations are true, however, such statements and actions constitute protected speech under the First Amendment to the United States Constitution.[1] Therefore, plaintiffs should be precluded from introducing them into evidence at trial. Specifically (and ironically), plaintiffs fault and seek to punish teachers and

---

[1] The individual defendants raised as an affirmative defense that their "conduct and actions were performed according to, and protected by, law and/or legal process . . . ." Defendants' Answer to Plaintiffs' Second Amended Complaint, Third Defense, at p. 11.

administrators for engaging in constitutionally protected activity. And if plaintiffs are successful, they will unfairly prevent and discourage other teachers and administrators from exercising their constitutional rights.[2]

For example, Christopher Bowler ("Christopher") faults Hudson High School teachers Phyllis Kutt and Brian Daniels for choosing not to say the Pledge of Allegiance at the beginning of each school day, inferring that such conduct proves a politically "liberal" bias:

> Q: Did Ms. Kutt and Mr. Daniels refuse to say the Pledge of Allegiance?
>
> A: Yes.
>
> Q: And was that anti-American, as far as you were concerned?
>
> A: Yes.
>
> . . .
>
> Q: And what would Ms. Kutt and Mr. Daniels do while others were saying the Pledge of Allegiance?
>
> A: They would just stand up and look at the flag.
>
> Q: Did they disrupt others who were saying the Pledge of Allegiance?
>
> A: No.

Christopher Bowler deposition, at pp. 31-32. Moreover, the plaintiffs object to many instances where Hudson High School teachers engaged students in critical thinking exercises involving different points of view. For example, Joseph Bowler ("J.T.") took issue with a civics teacher making a comparison between the situation in Iraq and apartheid:

---

[2] The defendants note that they filed a separate but related Motion in Limine with the Court, seeking to exclude the same types of statements addressed here, but based on different grounds. See Defendants' Motion in Limine to Preclude Evidence of Out-of-Court Statements of School Teachers and Administrators.

> Q: What did [Mrs. Murphy] say to compare the situation in Iraq with apartheid?
>
> A: Just the way the African American struggled under apartheid was similar to the struggles of the Iraqis under the American forces who came in when they didn't want them there in the first place, and that was the basis of the comparison that she said.
>
> . . .
>
> Q: And did it provoke a discussion?
>
> A: Yes.
>
> Q: You responded and said I don't agree with that comparison?
>
> A: Uh-huh.
>
> . . .
>
> Q: Were there other students that participated in the discussion?
>
> A: Yes.
>
> . . .
>
> Q: And during that discussion, were you told by Mrs. Murphy that your point of view was wrong?
>
> A: No.

Joseph Bowler deposition, pp. 72-74. Further, Christopher objected to classroom discussions concerning abortion:

> Q: Who were the teachers at Hudson High School who openly advocated abortion?
>
> A: Ms. Kutt and Ms. Daniels.
>
> . . .
>
> Q: How did they advocate abortion?

A:    Ms. Kutt encouraged safe sex, and that if someone had an unwanted pregnancy, they should have the freedom of choice to get an abortion.

Q:    And how did Ms. Snyder advocate abortion?

A:    She said that it's unfortunate that if there were restrictions placed on abortion, the rich would be able to afford them by going overseas to get them, but the poor would have to have the children, and they would just become poorer, and she also said it would not be fair for parents to carry – to care for a child that has Down Syndrome, so they should be able to get an abortion.

Christopher Bowler deposition, at pp. 76-77.

The defendants hereby move *in limine* to preclude the plaintiffs from offering any of the above statements or actions (or any similar statements or actions) into evidence at trial. As grounds therefor, the defendants state as follows:

1. Teachers retain their First Amendment rights to freedom of speech and expression in school. Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 506 (1969); Ward v. Hickey, 996 F.2d 448, 452 (1st Cir. 1993). While certain limitations may apply, "it can hardly be argued that either students or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." Id.

2. The admission of the alleged statements and actions, for the purpose of establishing the defendants' alleged violation of plaintiffs' constitutional freedoms, will have the ironic effect of discouraging Hudson High School teachers from exercising their First Amendment rights. While "[p]ublic schools often walk a tightrope between the many competing constitutional demands made by parents, students, teachers, and the schools' other constituents," Parker v.

Hurley, 2008 WL 250375, *15 (1st Cir. 2008), surely the defendants cannot be held liable for the choices of certain teachers to remain respectfully silent during the Pledge of Allegiance, or to suggest a certain comparison between two historical events.

3. In fact, in certain circumstances public schools boards are prohibited from taking adverse action against teachers who speak out as citizens on matters of public concern. Pickering v. Board of Education of Township High School Dist. 205, 391 U.S. 563, 568-569 (1968). And, as the Supreme Court recently stated, "the First Amendment protects a public employee's right, in certain circumstances, to speak as citizens addressing matters of public concern." Garcetti v. Ceballos, 126 S.Ct. 1951, 1957 (2006).

4. Thus, this Court should exclude evidence at trial of the alleged statements and actions because Hudson High School teachers were within their rights to make the alleged statements and actions under the First Amendment. To introduce alleged "liberal" statements and actions, for the purpose of proving the defendants' alleged violation of plaintiffs' constitutional rights, will unfairly prevent or discourage Hudson High School teachers from exercising their First Amendment rights.

WHEREFORE, for the reasons set forth above, the defendants request that this Court enter an order that the plaintiffs shall be precluded from introducing alleged "liberal" statements and actions (or any similar statements or actions) of Hudson High School teachers or administrators into evidence at trial. And, as such statements are deemed inadmissible, this

Court should further order that plaintiffs' counsel be precluded from making any comment or mention of such alleged statements or actions in his opening statement or closing argument, or at any time during trial.

Respectfully submitted,
The Defendants,

JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**


/s/ John J. Davis
John J. Davis, Esq., BBO # 115890
Mia B. Friedman, BBO # 663826
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

Date: February 27, 2008

### CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 27, 2008.

/s/ John J. Davis
John J. Davis, Esq.
