UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

| | |
|---|---|
| CHRISTOPHER BOWLER, HUDSON HIGH SCHOOL CONSERVATIVE CLUB, an unincorporated association, JOSEPH T. BOWLER, and KIMBERLY A. BOWLER, by and through her father and next friend, STEVEN BOWLER,      Plaintiffs, <br><br> vs. <br><br> JOHN STAPELFELD, DAVID CHAMPIGNY, DR. SHELDON BERMAN, TOWN OF HUDSON, MASSACHUSETTS and HUDSON HIGH SCHOOL,      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE TESTIMONY PROVING OTHER ALLEGED CONTENTS OF HSCCA WEBSITE

In support of their argument that defendants, Dr. Sheldon Berman and David Champigny, engaged in unlawful viewpoint discrimination in violation of the Equal Protection Clause of the United States Constitution and Amendment CVI of the Massachusetts Constitution, the plaintiffs allege there was additional material on the "hscca.org" website in December 2004 and January 2005 (other than the beheading videos) that qualified as protected speech. Plaintiffs further claim it was this *other* speech – i.e., tear down the rainbow flag, learn the Pledge of Allegiance, the 12-Step Liberal Recover Program, abolish the NEA,[1] etc. – to which Dr. Berman and Mr. Champigny really objected. Christopher Bowler deposition, at pp. 62-63. In short, defendants' reliance upon the beheading videos was (in plaintiffs' view) a mere pretext for the censorship of

---

[1] National Education Association.

protected speech.

The defendants hereby move *in limine* to preclude plaintiffs from offering testimony in order to "prove" the content of materials contained on the "hscca.org" website other than the homepage warning with regard to the beheading videos and the beheading videos themselves available on the homepage through hyperlinks.[2] As grounds therefor, the defendants state as follows:

1.    "To prove the content of a writing, recording or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002.

2.    While the Federal Rules of Evidence do not separately address the admissibility of electronic data, Fed. R Evid. 102 "contemplates that the rules of evidence are flexible enough to accommodate future 'growth and development' to address technical changes not in existence as of the codification of the rules themselves." Lorraine v. Markel American Ins. Co., 231 F.R.D. 534, 538 (D. Md. 2007). "Writings" and "recordings" (within the meaning of Rule 1002) consist of "letters, words, or numbers, or their equivalent, set down by . . . electronic recording, or other form of data compilation." Fed. R. Evid. 1001(1). "[T]he considerations underlying [Fed. R. Evid. 1001] dictate its expansion to include computers, photographic systems, and other modern developments." Fed. R. Evid. 1001

---

[2] A hyperlink is "highlighted text or images that, when selected by the user, permit him [or her] to view another, related Web document." Jews for Jesus v. Brodsky, 993 F.Supp.2d 282, 291 n. 14 (D.N.J. 1998) (quotations omitted).

Advisory Committee's Note.  Finally, "[i]f data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an 'original.'" Fed. R. Evid. 1001(3).

3.    When a party seeks to prove a writing through means other than producing the original writing, Fed. R. Evid. 1002 applies. R & R Associates, Inc. v. Visual Scene, Inc., 726 F.2d 326, 38 (1st Cir. 1984) (distinguishing between situations where a piece of evidence sought to be introduced has been recorded in writing, and where it is the written record itself that the party seeks to prove).  Here, plaintiffs intend to prove that "hscca.org" contained certain content, and thus Fed. R. Evid. 1002 applies.

4.    Plaintiffs' testimony proving the content of "hscca.org" must be precluded because the plaintiffs do not produce a printout, or any other document, reflecting its content, and thus such testimony is inadmissible under Fed. R. Evid. 1002.

5.    While other evidence of the contents of a writing may be admissible under exceptions contained in Fed. R. Evid. 1004, such exceptions only apply where the original writing has been lost or destroyed, is not obtainable, is in the possession of the opponent, or is collateral to a controlling issue in the lawsuit. Fed. R. Evid. 1004.  None of the exceptions applies here.  Finally, under Fed. R. Evid. 1007, the contents of a writing may be proved by the testimony of a party against whom the writing is offered, or by that party's written admission.  Fed. R. Evid. 1007 does not, however, extend to statements by a party, offered by that party. 31 Federal Practice and Procedure § 8054, Chapter 11, Contents of Writings, Recordings, and

Photographs. Thus, the plaintiffs cannot avail themselves of Fed. R. Evid. 1007.

WHEREFORE, for the reasons set forth above, the defendants move *in limine* that this Court preclude plaintiffs from proving at trial, through testimony, the contents of the "hscca.org" website other than the homepage warning with regard to the beheading videos and the beheading videos themselves available on the homepage through hyperlinks. Moreover, as such testimony is deemed inadmissible, this Court should further order that plaintiffs' counsel be precluded from making any comment or mention of such testimony in his opening statement or closing argument, or at any time during trial.

> Respectfully submitted,
> The Defendants,
>
> JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,
>
> By their attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> /s/ John J. Davis
> John J. Davis, Esq., BBO # 115890
> Mia B. Friedman, BBO # 663826
> Ten Winthrop Square
> Boston, MA 02110
> (671) 350-0950

Date: February 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 27, 2008.

/s/ John J. Davis
John J. Davis, Esq.