UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

CHRISTOPHER BOWLER, HUDSON HIGH )
SCHOOL CONSERVATIVE CLUB, an )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
    Plaintiffs, )
     )
vs. )
     )
JOHN STAPELFELD, DAVID CHAMPIGNY, )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH )
SCHOOL, )
    Defendants. )

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF DAMAGES, OTHER THAN FOR THE ALLEGED CONVERSION
VALUE OF PLAINTIFFS' POSTERS**

From the outset and throughout the above-captioned litigation, plaintiffs have sought only equitable relief, nominal damages, compensatory damages for the alleged conversion of their posters, and costs and attorneys' fees. Second Amended Complaint, at pp. 15-16;[1] Memorandum and Decision on Defendants' Motion for Summary Judgment (Oct. 4, 2007), at p. 1, n. 2. Nowhere in their Second Amended Complaint do plaintiffs allege, for example, that they suffered additional damages as a result of defendants' alleged actions including, but not limited to, damages due to emotional distress. Thus, the defendants hereby move *in limine* to preclude the introduction of evidence at trial regarding damages including, but not limited to, emotional

---

[1] This is the same relief sought in plaintiffs' original Complaint and First Amended Complaint.

distress damages, other than for the alleged conversion value of the Hudson High School Conservative Club's posters. See Cunningham v. Williams Telecommunications Systems, Inc., 928 F.Supp. 110, 114 (D. Mass. 1996) (plaintiff's evidence of emotional distress damages excluded where plaintiff failed to plead or otherwise put defendants on notice that such damages were being sought). Moreover, as such evidence is inadmissible, this Court should further order that plaintiffs' counsel be precluded from making any comment or mention of such damages in his opening statement or closing argument, or at any time during trial.

    Respectfully submitted,
    The Defendants,

    JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

    By their attorneys,

    **PIERCE, DAVIS & PERRITANO, LLP**

    /s/ John J. Davis
    John J. Davis, Esq., BBO # 115890
    Mia B. Friedman, BBO # 663826
    Ten Winthrop Square
    Boston, MA 02110
    (671) 350-0950

Date: February 27, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 27, 2008.

                                          /s/ John J. Davis
                                          John J. Davis, Esq.