UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

_____
                                      )
CHRISTOPHER BOWLER, HUDSON HIGH       )
SCHOOL CONSERVATIVE CLUB, an          )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through )
her father and next friend, STEVEN BOWLER, )
     Plaintiffs,                      )
                                      )
vs.                                   )
                                      )
JOHN STAPELFELD, DAVID CHAMPIGNY,     )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH         )
SCHOOL,                               )
     Defendants.                      )
_____)

**DEFENDANTS' MOTION IN LIMINE TO DECIDE
VARIOUS ISSUES AS A MATTER OF LAW**

The defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, Town of Hudson, Massachusetts, and Hudson High School ("the defendants"), hereby move *in limine* for an order that the following matters be established as a matter of law:

1. The individual defendants are shielded by qualified immunity:

    a. Defendant, John Stapelfeld, is shielded by qualified immunity with respect to Counts I, III, V and VI of plaintiffs' Second Amended Complaint.

    b. Defendants, David Champigny and Dr. Sheldon Berman, in their individual capacities, are shielded by qualified immunity with respect to Counts I and III of plaintiffs' Second Amended Complaint.

2. As a matter of law, the plaintiffs cannot recover under Count VI of their Second

Amendment Complaint, alleging violations of the Massachusetts Constitution, Amendment CVI. A mere violation of state law cannot support a claim under Section 1983. Roy v. City of Augusta, Maine, 712 F.2d 1517, 1522 (1st Cir. 1983); Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833, cert. den., 459 U.S. 989 (1982). Thus, plaintiffs' only remedy to recover for defendants' alleged violation of the Massachusetts Constitution is the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. Plaintiffs' MCRA claim, contained in Count II of their Second Amended Complaint, was voluntarily dismissed on March 21, 2007.

3. The Internet domain name for the High School Conservative Clubs of America – "hscca.org" – has expired and no longer exists. Thus, plaintiffs lack standing to pursue their requests for equitable relief. See Steir v. Girl Scouts of the USA, 383 F.3d. 7, 14-15 (1st Cir. 2004). Moreover, such requests are now moot. See Horizon Bank & Trust v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004).

4. Hudson High School is not an independent legal entity separate from the Town of Hudson, and is not subject to suit.

5. Prior to submitting this case to the jury, the Court should identify the Hudson School Committee as the final policymaker, for purposes of Monell liability.

6. Prior to submitting this case to the jury, the Court must decide whether the Internet domain name "hscca.org" is constitutionally protected speech under the First Amendment. If it is, then the Court must further determine whether Mr. Champigny and Dr. Berman are entitled to qualified immunity with respect to Counts V and VI of plaintiffs' Second Amended Complaint because the law

regarding the constitutional protection of an Internet domain name without expressive content was not "clearly established" in 2004 and 2005.

In support of this motion, the defendants state as follows:

## I.   **Qualified Immunity.**

In its October 4, 2007 Memorandum and Order on the defendants' Motion for Summary Judgment, the Court allowed summary judgment as to the qualified immunity of the individual defendants, John Stapelfeld, David Champigny, and Dr. Sheldon Berman. See October 4, 2007 Memorandum and Order, p. 31. The plaintiffs subsequently sought reconsideration of the Court's qualified immunity ruling, arguing that, even if constitutional protection of the beheading videos was not "clearly established," the videos themselves were no more than a pretext. The individual defendants' "real" reason for censorship (so plaintiffs argued) was to discriminate against plaintiffs' political beliefs in contravention of the First and Fourteenth Amendments. Such conduct, plaintiffs insisted, was not entitled to qualified immunity.

### A.   John Stapelfeld.

In its December 18, 2007 Memorandum and Order, issued upon reconsideration of defendants' Motion for Summary Judgment, the Court ruled that the prohibition against viewpoint discrimination was "clearly established" at the time of the individual defendants' alleged conduct, but held that "the undisputed facts support the qualified immunity of defendant Stapelfeld as to all of plaintiffs' claims." See December 18, 2007 Memorandum and Order, pp. 7-9. Thus, this Court should confirm, as a matter of law, that Mr. Stapelfeld, in his individual capacity, remains shielded from all of plaintiffs' claims under the doctrine of qualified immunity.

### B.   David Champigny and Dr. Sheldon Berman.

Upon reconsideration, the Court did not reverse its previous ruling that "if a jury finds that the defendants censored the posters because they reasonably believed that the videos were inappropriate for high school students, qualified immunity will attach." October 4, 2007 Memorandum and Order, p. 29. The Court did nonetheless rule that a question of fact remained as to whether Mr. Champigny and Dr. Berman engaged in viewpoint discrimination, thus lifting Mr. Champigny's and Dr. Berman's qualified immunity with respect to plaintiffs' viewpoint discrimination claims. December 18, 2007 Memorandum and Order, p. 7. Plaintiffs seek to recover for viewpoint discrimination under an equal protection theory in Counts V and VI of their Second Amended Complaint. Consistent with its rulings to date, this Court should confirm that Mr. Champigny and Dr. Berman remain shielded by qualified immunity with respect to Counts I and III of plaintiffs' Second Amended Complaint.

**II.     Plaintiffs Cannot Recover Under Count VI of their Second Amended Complaint.**

In Count VI of their Second Amendment Complaint, plaintiffs seek unspecified relief under the Massachusetts Constitution, Amendment CVI, for defendants' alleged equal protection violations. The remedy for an alleged violation of the Massachusetts Constitution is the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12, § 11I. MCRA is remedial in nature, providing no substantive rights, much like 42 U.S.C. § 1983, the vehicle of recovery for a violation of the federal constitution. Horne v. City of Boston, 509 F.Supp.2d 97, 115 (D. Mass. 2007), quoting Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-823 (1985) (purpose of MCRA is to provide under state law a remedy coextensive with 42 U.S.C. § 1983). Both money damages and injunctive relief are available under MCRA. M.G.L. c. 12, § 11. Yet, the plaintiffs voluntary dismissed their MCRA claim, contained in Count II of their Second Amended

Complaint, on March 21, 2007.  The defendants are aware of no other vehicle of recovery to which plaintiffs can tie their claim under the Massachusetts Constitution.[1]  Thus, this Court should order that, even if the defendants are found to have violated plaintiffs' rights under Amendment CVI of the Massachusetts Constitution (which defendants deny), the plaintiffs, as a matter of law, cannot recover under Count VI of their Second Amended Complaint, alleging violations of the Massachusetts Constitution, Amendment CVI.

### III.     Plaintiffs Cannot Recover Equitable Relief.

Plaintiffs request the following equitable relief in the Prayer for Relief of their Second Amended Complaint:

> A.  That a permanent injunction be issued ordering the Defendants, and those acting as Defendants' officers and agents, to refrain from preventing the Plaintiffs and other members of the Hudson High School Conservative Club from posting signs and posters, or from showing the website address of the High School Conservative Clubs of America; . . .
>
> C.  That the Defendants, and those acting as Defendants' officers and agents, be permanently enjoined from taking any action to prevent the Plaintiffs and other members of the Hudson High School Conservative Club from posting signs and posters showing the website address of the High School Conservative Clubs of America.

Second Amended Complaint, pp. 15-16.  As of February 5, 2008, however, the High School Conservative Clubs of America's Internet domain name – "hscca.org" – expired.  See Exhibit A, attached hereto.  Thus, the High School Conservative Clubs of America's website is no longer accessible or, in fact, in existence.  As such, plaintiffs lack standing to pursue the above-

---

[1] Furthermore, a mere violation of state law cannot support a claim for recovery under 42 U.S.C.§ 1983.  Roy v. City of Augusta, Maine, 712 F.2d 1517, 1522 (1st Cir. 1983); Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 933 (1st Cir. 1982).  Therefore, Section 1983 cannot serve as the remedy to enforce plaintiffs' rights under the Massachusetts Constitution.

mentioned request for equitable relief.  Moreover, their claims for equitable relief are now moot.

Standing and mootness are jurisdictional issues deriving from the "case or controversy" requirement of Article III of the United States Constitution. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000); Horizon Bank & Trust Co. v. Commonwealth of Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004).  To maintain an action, a plaintiff must demonstrate a personal stake in the outcome of a lawsuit, and must show that he or she "'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983).  Specifically, plaintiffs have the burden of establishing standing by showing "(1) an injury-in-fact; (2) causation; and (3) redressability." Steir v. Girl Scouts of the USA, 383 F.3d 7, 14-15 (1st Cir. 2004).  With respect to redressability, "it must be 'likely,' as opposed to merely 'speculative' that the injury will be 'redressed by a favorable [judicial] decision." Id, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  A case is moot when "the court cannot give any 'effectual relief' to the potentially prevailing party." Horizon Bank, 391 F.3d at 53.  Finally, and most importantly here, "a case not moot at the outset can become moot because of a change in fact situation underlying the dispute, making relief now pointless." Id, citing Weinstein v. Bradford, 423 U.S. 147, 148-149 (1975).

The apparent harm allegedly caused by defendants in preventing the Hudson High School Conservative Club from listing the "hscca.org" Internet domain name on their posters cannot be remedied by the equitable relief sought here by the plaintiffs simply because the website no longer exists.  There is no point in the Court granting plaintiffs' request for equitable relief, as it

would be entirely ineffectual and hypothetical, and would be a waste of judicial time and resources. Thus, the Court should rule as a matter of law that plaintiffs do have not standing to pursue their request for equitable relief and that such relief, in any event, is now rendered moot.

**IV.     The Defendant, Hudson High School, is not a Separate Legal Entity Subject to Suit.**

Hudson High School is not an independent legal entity separate from the defendant, Town of Hudson, and, therefore, is not subject to suit.[2] See <u>Stratton v. City of Boston</u>, 731 F. Supp. 42, 46 (1989) (plaintiff's federal and state claims against Boston Police Department dismissed on grounds that BPD was department of City of Boston); see also <u>Beauregard v. Epstein</u>, 1994 WL 523816, *2 (D. Mass. 1994) (Fitchburg Police Department held not an independent legal entity subject to suit). Rather, Hudson Public Schools (which operates Hudson High School, JFK Middle School, three elementary schools and a kindergarten) is a department of the Town of Hudson, Massachusetts, governed and controlled by an elected seven-member Hudson School Committee. <u>See</u> M.G.L. c. 71, § 37 ("[t]he school committee in each . . . town . . . shall have the power to select and to terminate the superintendent, shall review and approve budgets for public education in the district, and shall establish educational goals and policies for the schools in the district consistent with the requirements of law and statewide goals and standards established by the board of education)". Thus, this Court should rule that the defendant, Hudson High School, is not an independent legal entity separate from the Town of Hudson and, as a result, is not subject to suit.

---

[2] Defendants previously raised this issue as an affirmative defense. See Defendants' Answer to Plaintiffs' Second Amended Complaint, Twenty-Third Defense, at p. 13.

**V.     The Court Should Identify the Hudson School Committee as the Final Policymaker, for Purposes of Monell Liability.**

Prior to submitting this case to the jury, the Court is required, for purposes of imposing Monell liability, to identify those officials whose decisions represent the official policy of the Town. Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989). Further, the question of who is the final policymaker is one of state law:

> As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local government unit is itself a legal question . . .. Reviewing the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law, the trial judge must identify those officials and governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.

Id, citing St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988).

Massachusetts state law makes clear that the school committee in each town is charged with the duties of, *inter alia*, establishing policies for the schools in its district. See M.G.L. c. 71, § 37 (quoted above). Further, "[t]he superintendent of every school district shall publish the district's policies pertaining to the conduct of teachers and students. . . . Each school district's policies pertaining to the conduct of students shall include . . . standards and procedures to assure school building security and safety of students and school personnel." M.G.L. c. 71, § 37H. Finally, school committees "may supervise and control all athletic and other organizations composed of public school pupils and bearing the school name or organized in connection therewith." M.G.L. c. 71, § 47. Thus, this Court should find that the Hudson School Committee is the final policymaker for purposes of imposing Monell liability. And, accordingly, the jury should be so instructed before the case is submitted to them.

**VI.     The Court Must Determine Whether "hscca.org" is Constitutionally Protected Speech or Expression and Whether the Law Regarding the Constitutional Protection of an Internet Domain Name was "Clearly Established" at the Time of Mr. Champigny's and Dr. Berman's Actions.**

The issue of whether certain speech or expression enjoys a protected status under the First Amendment is one of law. See Curran v. Cousins, 509 F.3d 36, 45 (1st Cir. 2007); Morris v. Lindau, 196 F.3d 102, 110 (2nd Cir. 1999).  Thus, prior to submitting this case to the jury, the Court should determine whether the protected speech or expression at issue – i.e., the Internet domain name "hscca.org" – is protected under the First Amendment.  Defendants maintain it is not.  See Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 585-86 (2nd Cir. 2000); Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1032, 1057 (D. Kan. 2006); Planned Parenthood Federation of America, Inc. v. Bucci, 1997 WL 133313, * 11-12 (S.D.N.Y.); OBH, Inc. v. Spotlight Magazine, Inc., 86 F.Supp.2d 176, 197-198  (W.D.N.Y. 2000); Jews for Jesus v. Brodsky, 993 F.Supp.2d 282, 287 n.1 (D. N.J. 1998)

If the Court should rule that the "hscca.org" domain name is nonetheless protected speech, then it must further decide whether the law regarding such protection was "clearly established" at the time of defendants' actions.  This ruling is necessary in order to determine whether Mr. Champigny and Dr. Berman are entitled to qualified immunity with respect to Counts V and VI of plaintiffs' Second Amended Complaint.  If the law regarding the First Amendment protection of the domain name was not "clearly established," or if no reasonable similarly-situated official would have understood that his conduct violated plaintiffs' constitutional rights, then Mr. Champigny and Dr. Berman are entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992); Mihos v. Swift, 358 F.3d 91, 102 (1st Cir.

2004); Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91 (1st Cir. 1994).

WHEREFORE, for the foregoing reasons, the defendants request that this Court make rulings of law with respect to the matters set forth above.

Respectfully submitted,
The Defendants,

JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP


/s/ John J. Davis
John J. Davis, Esq., BBO # 115890
Mia B. Friedman, BBO # 663826
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

Date: February 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 27, 2008.

/s/ John J. Davis
John J. Davis, Esq.