UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

DOCKET NO.: 05-11007 PBS

_____
                                                                  )
CHRISTOPHER BOWLER, HUDSON HIGH      )
SCHOOL CONSERVATIVE CLUB, an                )
unincorporated association, JOSEPH T. BOWLER, )
and KIMBERLY A. BOWLER, by and through   )
her father and next friend, STEVEN BOWLER,    )
        Plaintiffs,                                                 )
                                                                  )
vs.                                                                )
                                                                  )
JOHN STAPELFELD, DAVID CHAMPIGNY,      )
DR. SHELDON BERMAN, TOWN OF HUDSON, )
MASSACHUSETTS and HUDSON HIGH           )
SCHOOL,                                                        )
        Defendants.                                              )
_____)

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBIT LIST

The defendants, John Stapelfeld, David Champigny, Dr. Sheldon Berman, Town of Hudson, Massachusetts and Hudson High School ("the defendants"), hereby oppose plaintiffs' introduction of the following exhibits at trial, as listed in Plaintiffs' Trial Exhibit List:

- Metro West News article, December 12, 2004;

- May 19, 2005 Metro West News article;

- *Hawk Talk* article by Samantha Chipman;

- Photograph of HHSCC publicity poster; and

- Various portions of the HSCCA web site.

As grounds therefor, the defendants state as follows:

1. The defendants object to plaintiffs' introduction of all three newspaper articles –

the "Metro West News article, December 12, 2004;" the "May 19, 2005 Metro West News article;" and the "*Hawk Talk* article by Samantha Chipman" – on the grounds that they are offered to prove the truth of the matters asserted, constitute inadmissible hearsay under Fed. R. Evid. 802, and constitute inadmissible hearsay within hearsay under Fed. R. Evid. 805. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (newspaper account is hearsay, inadmissible at trial to establish the truth of the reported fact, and is also hearsay within hearsay).

2. This Court itself noted that, "statements in a newspaper article are inadmissible hearsay evidence." See December 18, 2007 Memorandum and Order, p. 8, quoting Noviello v. City of Boston, 398 F.3d 76, 84 (1st Cir. 2005).

3. The defendants address each newspaper article in turn. First, with respect to the "Metro West News article, December 12, 2004," plaintiffs seek to prove the following statement, contained in the article and attributed to an individual defendant, John Stapelfeld: "What started out as a great idea drifted from true conservative values to reactionary." Second, with respect to the "May 19, 2005 Metro West News article," the plaintiffs seek to prove several statements attributed to another individual defendant, Dr. Sheldon Berman. Additionally, the May 19, 2005 article includes quotes of several statements made by plaintiffs' counsel with respect to the validity of this lawsuit, and the purported strength of the evidence in favor of the plaintiffs.

4. Plaintiffs seek to introduce both above-mentioned Metro West articles for the truth of the out-of-court statements contained in the articles. This is inadmissible

hearsay, and inadmissible hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805.

5. Further, even if the statements of Mr. Stapelfeld and Dr. Berman "could be regarded as the nonhearsay admissions of a party opponent . . . the article itself constitutes inadmissible out-of-court statements . . . offered to prove the truth of the matter asserted." Horta, 4 F.3d at 9, citing Fed. R. Evid. 801©); New England Mut. Lif. Ins. Co. v. Anderson, 888 F.2d 646, 650-651 (10th Cir. 1989). Specifically, both articles reflect the statements of the third-party reporter who wrote each article.

6. With respect to the third article, "*Hawk Talk* article by Samantha Chipman," plaintiffs intend to offer it as proof of the contents of a pro-life presentation sponsored by the Hudson High School Conservative Club.[1] Like the above two articles, this article constituted inadmissible hearsay, as well as hearsay within hearsay. Plaintiffs do not intend to offer Ms. Chipman or Ms. Andrews as witnesses at trial, and thus their out-of-court statements must be excluded from evidence at trial.

7. The defendants also object to the introduction of the "photograph of HHSCC publicity poster" and the "various portions of the HSCCA web site," on the grounds that neither proposed exhibit was ever disclosed in plaintiffs' Initial

---

[1] The only article by Samantha Chipman that plaintiffs produced to defendants is entitled, "Pro-Life Speaker Visits Hudson High School" and is undated. Defendants assume it is this article that plaintiffs seek to introduce as an exhibit at trial.

Disclosures under Fed. R. Civ. P. 26(a)(1).[2] Nor did plaintiffs ever supplement their disclosures to provide defendants with these documents.[3]

8.  Fed. R. Civ. P. 37(c)(1) states, in relevant part, that:

    A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not disclosed.

    Fed. R. Civ. P. 37(c)(1).

9.  "The required sanction in the ordinary case [for failure to make disclosure under Fed. R. Civ. P. 26(a)] is mandatory preclusion." Klonski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998). Plaintiffs can demonstrate no "substantial justification" for failing to disclose or produce the photograph or the website portions. Defendants have never seen the photograph or the website portions. In fact, defendants did not know of the existence of the photograph until receipt of plaintiffs' draft of the parties' Joint Pretrial Memorandum on February 26, 2008. Nor did defendants know of the existence of the web site portions until receipt of Plaintiffs' Trial Exhibit List on February 28, 2008.

10. Plaintiffs' failure to timely disclose or produce the photograph and the web site portions has prejudiced the defendants in conducting discovery and in their trial preparation. Neither defense counsel nor defendants' witnesses can fully and

---

[2] Moreover, plaintiffs failed to produce the photographic exhibit in response to defendants' written discovery request for all signs and posters hung or displayed at Hudson High School by the Hudson High School Conservative Club.

[3] In hopes of eliminating the need to assert some of the arguments contained in these Objections, counsel for defendants asked counsel for plaintiffs for a copy of the proposed photographic exhibit, as well as the portions of the HSCCA web site that plaintiffs seek to introduce at trial, on February 28, 2008. To date, plaintiffs' counsel has not responded to defendants' counsel's requests.

adequately prepare for trial without knowing precisely what documents plaintiffs have in their possession and/or intend to offer in support of their various claims at trial. As such, plaintiffs' failure to disclose or produce the photograph and the web site portions has harmed the defendants. Plaintiffs should be precluded from introducing the photograph and the web site portions into evidence at trial.

WHEREFORE, for the reasons set forth above, the defendants request that this Court enter an order that the plaintiffs shall be precluded from introducing any of the above exhibits into evidence at trial. And, as such exhibits are deemed inadmissible, this Court should further order that plaintiffs' counsel be precluded from making any comment or mention of such exhibits in his opening statement or closing argument, or at any time during trial.

Respectfully submitted,
The Defendants,

JOHN STAPELFELD, in his individual and official capacities as Principal of Hudson High School, DAVID CHAMPIGNY, in his individual and official capacities as Assistant Principal of Hudson High School, Dr. SHELDON BERMAN, in his individual and official capacities as Superintendent of Hudson Public School District, TOWN OF HUDSON, MASSACHUSETTS, and HUDSON HIGH SCHOOL,

By their attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**


/s/ John J. Davis
John J. Davis, Esq., BBO # 115890
Mia B. Friedman, BBO # 663826
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

Date: March 5, 2008


### CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 5, 2008.


/s/ John J. Davis
John J. Davis, Esq.