UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BOWLER, HUDSON HIGH SCHOOL CONSERVATIVE CLUB, an unincorporated association, JOSEPH T. BOWLER, and KIMBERLY A. BOWLER, by and through her father and next friend, STEVEN BOWLER, <br><br> *Plaintiffs*, <br><br> vs. <br><br> JOHN STAPELFELD, DAVID CHAMPIGNY, DR. SHELDON BERMAN, TOWN OF HUDSON, MASSACHUSETTS and HUDSON HIGH SCHOOL, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) DOCKET NO.: 05-11007 PBS ) ) ) ) ) ) ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF SCHOOL OFFICIALS
EXERCISE OF FIRST AMENDMENT RIGHTS**

The Defendants have moved for an order forbidding any testimony or other evidence concerning the content of speech or expression that is protected by the First Amendment. The theory for exclusion, unsupported by any case or decision actually excluding evidence on this novel theory, is that the admission of such evidence would "punish" the declarant for his or her speech and thereby infringe their First Amendment rights.

The Defendants failure to cite any apposite supporting case is not surprising because the case law consistently rejects the theory of exclusion espoused in the Defendants' motion. Thus, in *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), the Supreme Court upheld the constitutionality of a

statute enhancing criminal penalties for racially-motivated crimes. Rejecting the defendant's claim that the statute violated the First Amendment because it allowed a defendant's protected speech to be used as evidence against him, the Court held that "[t]he First Amendment, . . ., does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id.* at 489. *Mitchell* cited the decision in *Haupt v. United States*, 330 U.S. 631 (1947), as standing for the proposition that the First Amendment does not prevent the admission of the defendant's political views to demonstrate motive when such motive is relevant to the case.

This principle is wholly applicable in the civil context as demonstrated by the decision in *Cook v. Rumsfeld*, 429 F. Supp. 2d 385 (D. Mass. 2006). "The evidentiary use of statements by a person to prove that person's intent is common in the adjudication of cases and is not prohibited by the First Amendment. . . . The fact that a person may experience a disadvantageous consequence from having made a statement that is later used for its value as evidence of a fact is not the kind of 'burdening' of the right to free speech that raises serious First Amendment concerns. . . . Indeed, under the Federal Rules of Evidence, a party's prior extrajudicial statement is admissible as non-hearsay only when it is offered against the party by a litigation opponent -- that is, only when disadvantage flows from the person's having made the statement. *See* Fed. R. Evid. 801(d)(2)(A). The admission of such statements in evidence occurs routinely." *Cook*, 429 F. Supp. 2d at 408. In the instant case, any cognizable "burden" is even more attenuated because the Plaintiffs do not seek to impose any liability upon any of the teachers identified in the motion. "Speech does not become inadmissible to show context or intent simply because standing alone it is protected." *Planned*

*Parenthood of the Colombia/Willamette, Inc. v. Am. Coalition of Life Activists*, 290 F.3d 1058, 1083 (9th Cir. 2002).

For the reasons set forth above, the Plaintiffs respectfully request that the Defendants' motion in limine based upon the First Amendment be denied.

Respectfully submitted,

/s/Gregory A. Hession
Gregory A. Hession
172 Thompson Street
Springfield, MA 01109
(413) 746-3333
BBO No. 564457

Participating Attorney for
The Rutherford Institute

## Certificate of Service

I hereby certify that the foregoing document will be filed through the Electronic Case Filing System, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that a paper copy shall be served to those persons indicated as non-registered participants, on March 5, 2008.

/s/ Gregory A. Hession
Gregory A. Hession J.D.