UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BOWLER, HUDSON HIGH SCHOOL CONSERVATIVE CLUB, an unincorporated association, JOSEPH T. BOWLER, and KIMBERLY A. BOWLER, by and through her father and next friend, STEVEN BOWLER, | ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| vs. | ) ) | DOCKET NO.: 05-11007 PBS |
| JOHN STAPELFELD, DAVID CHAMPIGNY, DR. SHELDON BERMAN, TOWN OF HUDSON, MASSACHUSETTS and HUDSON HIGH SCHOOL, | ) ) ) ) ) | |
| *Defendants.* | ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE TESTIMONY PROVING OTHER ALLEGED
<u>CONTENTS OF HSCCA WEBSITE</u>**

The Defendants have moved for an order forbidding testimony regarding the content appearing on a webpage previously maintained by the High School Conservative Clubs of America and previously located at the Uniform Resource Locator ("url") <u>www.hscca.org.</u>  The Defendants assert that such testimony or other evidence is barred by the best evidence rule embodied in Fed. R. Evid. 1002.  In other filings made by the Defendants, they admit that the High School Conservative Club website is not presently active and so the content previously available at the hscca.org webpage is not now available.[1]

---

[1]At present, connection to <u>www.hscca.org</u> through a computer internet browser results in a webpage with the notice, "[t]his domain name expired on 2/5/08 and is pending renewal or

1

Because the website is not presently active and the content is not available, the best evidence rule does not prevent testimony regarding content previously seen at the website. Fed. R. Evid. 1004 provides that an original is not required to prove the content of a writing or recording if "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." As pointed out in the Advisory Committee Notes to Fed. R. Evid. 1004, "[b]asically the rule requiring the production of the original as proof of contents has developed as a rule of preference: if failure to produce the original is satisfactory explained, secondary evidence is admissible." Thus, the content appearing at the website is lost because it is no longer available. The Defendants make no allegation that this is due to the bad faith of any Plaintiff. Where production of the original is excused, any admissible secondary evidence, including testimony, is admissible to prove the content of the original. *Paul Revere Variable Ins. Annuity Co. v. Zang*, 248 F.3d 1, 9 (2001).

It also bears mentioning that a strict application of the best evidence rule to proving website content is particularly inappropriate because of how dynamic the internet is. Website content is constantly in a state of flux, changing not simply weekly or daily but by the hour.[2] If proof of website content must be made with an original and no allowance is made for loss and change of content under Fed. R. Evid. 1004, such content will often not be admissible in court despite clear relevance and probative value. Any danger of inaccuracy and fraud, the bases for the best evidence rule, can be accounted for by allowing contradictory evidence and argument challenging the accuracy

---

deletion."

[2]Just recently a furor was created when a story appeared on the Green Bay Packers' website advising that star quarterback Bret Favre had retired. The report was untrue, and the material posted on the website was removed after appearing on the site for only an hour. See http://sports.espn.go.com/nfl/news/story?id=3269337.

of the secondary evidence. Indeed, it is clear in this case that some or all of the Defendants viewed the High School Conservative Club website as their objection to the content is asserted to be the very basis for the censorship at issue. If the Defendants believe the content is not what the Plaintiffs' secondary evidence shows, they can testify in opposition to the secondary evidence.

For the reasons set forth above, the Plaintiffs respectfully request that the Defendants' motion in limine to prevent testimony concerning the content previously available at the url www.hscca.org be denied.

Respectfully submitted,


/s/ Gregory A. Hession
Gregory A. Hession
172 Thompson Street
Springfield, MA 01109
(413) 746-3333
BBO No. 564457

Participating Attorney for
The Rutherford Institute




**Certificate of Service**

I hereby certify that the foregoing document will be filed through the Electronic Case Filing System, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that a paper copy shall be served to those persons indicated as non-registered participants, on March 5, 2008.

/s/ Gregory A. Hession
Gregory A. Hession J.D.

3