IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| CHRISTOPHER BOWLER, et al. ) | |
| ) | |
| *Plaintiff*s, ) | |
| ) | |
| v. ) | Case No. **05 CV 11007 PBS** |
| ) | |
| JOHN STAPELFELD, et al. ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN *LIMINE*
TO PRECLUDE EVIDENCE OF OUT-OF-COURT STATEMENTS
OF SCHOOL TEACHERS AND ADMINISTRATORS**

The Defendants have moved in *limine* for an order precluding the admission of evidence of out-of-court statements by Hudson High School teachers and administrators. Plaintiffs oppose that motion, as follows:

The Defendants' motion seeks to sanitize the trial of this matter by eliminating a plethora of politically biased statements made by teachers and administrators at Hudson High School, other than those of the actual defendants. However, the basis for the complaint, and the reason why plaintiffs established the Hudson High School Conservative Club, was the pervasive viewpoint discrimination which the plaintiffs experienced at the hands of the teachers, in the form of their statements. In essence, these statements made by various school personnel were the

*sine qua non* of the viewpoint discrimination claimed by the plaintiffs. To preclude their admission would hobble the plaintiffs in the presentation of their case, and would misrepresent to the jury, by omission, the factual context of plaintiffs' claim. The arguments of Defendants to exclude these statements are not legal valid or reasonable, as explained in detail below.

In **Paragraph 1**, Defendants seek exclusion of these statements because they are allegedly hearsay, made to prove the truth of the matter asserted. However, these statements are absolutely not to be introduced for their truth, but only for the state of mind of the declarant. Plaintiffs do not seek to show that George Bush or Christians are "terrorists" or "extremists", or to establish the truth of any of the other polemical or political statements made by these teachers. They are introduced only to show the pattern and practice of viewpoint discrimination of personnel of the Hudson Schools.

As to the statements being "statements against interest" under Evidence Rule 804(b)(3), the very pervasiveness of the liberal political bias in the school would mitigate against the claim that any teacher would fear to utter these statements. It was the conservatives who experienced opposition, not liberals, so liberals would not fear to express their opinions. The purpose of this rule is to allow statements into evidence that are so against penal interest or that would so certainly subject the declarant to civil liability, that no reasonable person would make them, unless true. This rule is completely inapplicable, since it appears that no person involved with the plaintiffs at the school feared uttering political invective against conservatives.

In **Paragraph 2**, Defendants assert that statements against interest can only be introduced if the declarant is unavailable under Fed.R.Evid. 804(b)(3). First, Defendants plan to bring in a large number of these teachers as witnesses, and so any of their statements would not be

precluded under that rule. Second, as pointed out above, statements by Hudson High School teachers about their political opinions would not be considered statements against interest, as they were well within the mainstream of political thought in that venue, and were affirmed and approved by the administration as vicarious admissions.

**Paragraph 3** directly addresses the issue of vicarious admissions by an agent of a party. As defendants properly point out, these admissions are admissible when the agent is speaking on "a matter within the scope of the agency or employment". The teachers and administrators in the employ of the Hudson Schools were speaking in the classroom, in the halls, or in within their school-related duties of some sort. No statements heard by plaintiffs were uttered out of school environs. Thus, it could be assumed that they were speaking as agents of the defendants, "within the scope of their agency or employment."

**Paragraph 4** questions the ability of the "lay witness" student plaintiffs to recognize political liberalism in the statements of their teachers, and thus seeks to preclude their testimony under Rule 701. It stretches credulity to suggest that the students could not testify as to their perceptions of political bias in the statements they have heard at Hudson High School, given that they have studied these matters within their family, and have proven that they can articulate their beliefs coherently.

Plaintiff's testimony about the statements of the Hudson teachers is not for the purpose of telling the jury what result to reach. Rather, it is for the purpose of informing the jury about these statements. Such opinions are not speculative or conclusory, as asserted by defendants, but rather to inform the jury as to why they perceived viewpoint discrimination on the part of the teachers and administrators at the school. This objection is misplaced, as it does not reflect the

contemplated purpose of the testimony at all.

**Paragraph 5** objects to the introduction of the statements of teachers, based on the premise that the content of their statements provides no "basis for the conclusion that the speakers possess a politically liberal bias." The case cited, *Alexis v. McDonald's Restaurants*, 67 F.3d 341, 347 (1st Cir. 1995), does not apply to the situation at bar. In that case, the court excluded affidavits in a summary judgment motion from members of a family claiming racially discriminatory treatment at a McDonald's restaurant. The basis for excluding them was that they were speculative, asserting that if the plaintiff had been "a rich white woman", that she would not have received the treatment she did at the restaurant.

Here, by contrast, there is a well developed body of opinion that is identifiably "conservative", which is published in popular magazines, talk radio, books, and on the internet. Those same commentators, readily available in many media, also describe characteristics of "liberal" politics at great length. Thus, the plaintiffs perceptions about "liberal" statements are reliable, as least as to their perceptions of that political category.

In footnote 2 of the Defendants' motion, their counsel is questioning Plaintiff Christopher Bowler about his view on whether persons can simultaneously hold viewpoints that are conservative on one issue and liberal on another. Mr. Bowler agrees that a person can do so, thus illustrating his fairly sophisticated understanding of these positions, as opposed to taking a "knee-jerk" ideological approach. The deposition colloquy cited in this excerpt undermines the Defendant's premise about this plaintiff's lack of ability to articulate a "liberal" or "conservative" position on issues.

In **Paragraph 6,** Defendants claim that admission of the statements of Hudson teachers

and administrators will "unfairly prejudice the defendants" by an inaccurate implication that all of the Hudson High School staff is "liberal", when the plaintiffs only had classes with a fraction of the teachers employed there. Plaintiffs are not speculating about or impugning the teachers at Hudson High School with whom they did not take classes, or from whom they did not hear a liberal bias. They heard what they heard from certain teachers and administrators, and those persons did communicate a liberal bias to them. Although the plaintiffs' complaint made general allegations about liberal bias in the faculty, the plaintiffs would only be competent to testify as to the statements and actions of those certain teachers who evidenced such a bias to them.

If a sufficient number of faculty and staff demonstrated viewpoint discrimination, then it would be for the finder of fact to determine whether it constituted a municipal policy or custom, under *Monell v. Dept. of Social Serv. Of New York*, 436 U.S. 658 (1978).

**Conclusion**

Therefore, Plaintiffs respectfully request that this court deny the Defendants' motion *in limine* regarding the exclusion of statements of teachers and administrators.

Dated this 5th day of March, 2008.

Respectfully submitted,

 /S/ Gregory A. Hession J.D.
Gregory A. Hession, J.D..
172 Thompson Street.
Springfield, MA  01109
(413) 746-3333
BBO. No. 564457

Participating Attorney for
The Rutherford Institute

John W. Whitehead, Esq.
Douglas R. McKusick, Esq.
THE RUTHERFORD INSTITUTE
1440 Sachem Place
Charlottesville, Virginia 22901
(434) 978-3888
Fax: (434) 978-1789

## Certificate of Service

I hereby certify that the foregoing document will be filed through the Electronic Case Filing System, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that a paper copy shall be served to those persons indicated as non-registered participants, on March 5, 2008.

/s/ Gregory A. Hession
Gregory A. Hession J.D.